Murphy v. State, 124 Wis. 635.

MURPHY, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 20—April 5, 1905.*

*Criminal law: Arrest and examination: Complaint on information and belief: Bribery: Official action of common councilor: Grand jury: Evidence of proceedings: Immunity of witness: Testimony of accomplices: Instructions to jury.*

1. The formal written complaint under sec. 4776, Stats. 1898 (relating to the arrest and examination of offenders), may be upon information and belief, even when the offense charged therein is a felony.

2. Even though an ordinance pending before a city council attempts to grant a privilege which in law the council has no right to grant, yet if it deals with a subject over which the council has jurisdiction and the members of the council have a right to vote thereon, the voting on such ordinance is action by such members in their official capacity, and if one of them receives money from any person under an understanding or agreement that his vote, judgment, or action on the matter shall be influenced thereby, he is guilty of an offense under sec. 4475, Stats. 1898.

3. Testimony of grand jurors and of the district attorney as to statements made before the grand jury, and the minutes of the grand jury's proceedings, are admissible as original evidence upon a subsequent trial in court, if not objectionable under the ordinary rules of evidence, whenever the court deems it necessary for the ascertainment of truth and in furtherance of justice; and especially is a defendant entitled to introduce such evidence for the purpose of sustaining a claim (under sec. 4078, Stats. 1898, as amended by ch. 85, Laws of 1901) to immunity from the prosecution because of his having testified before the grand jury concerning the matter for which he is being prosecuted.

4. The statutes (secs. 2553–2555, Stats. 1898) do not abrogate the common-law rules as to the competency of the evidence above mentioned.

5. Refusal to give requested instructions is not error where the general charge sufficiently and properly covers the points embraced in them and correctly informs the jury of the rules of law applicable thereto.

6. Refusal to instruct the jury that they would not be warranted in convicting defendant, because the evidence relied on to establish guilt is the uncorroborated testimony of accomplices in crime, is *held* in this case not to have been an abuse of discretion, the testimony being amply sufficient to sustain the verdict of guilty.

ERROR to review a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

This prosecution, instituted under sec. 4475, Stats. 1898, was commenced on the 4th day of September, 1903, by complaint made to and filed with the district court for Milwaukee county, charging the plaintiff in error—who will be designated hereafter as the defendant—with the offense of bribery. The court issued the warrant upon this complaint, and defendant was apprehended and brought before the district court. Before any preliminary examination of defendant was held, an objection was interposed to any further proceedings in the case, and a motion was made for defendant's discharge from arrest upon the ground that no proper and sufficient complaint had been made in the case. The court overruled this objection and motion and proceeded with the preliminary examination. At the conclusion the court determined that an offense had been committed, and bound the defendant over for trial before the municipal court for Milwaukee county.

Thereafter an information was filed against defendant charging him with the offense of bribery, for which he had been held for trial. To this the defendant pleaded not guilty, without prejudice, and with leave to change his plea if he was so advised. Under this privilege defendant was given leave to withdraw his plea and file a plea in abatement of the action, alleging that no proper and legal preliminary examination had been held, for the reason that the judge of the district court had no jurisdiction of the person of the de-

fendant or of the subject matter of the alleged cause, and because no legal and sufficient complaint had been filed therein.

An affidavit of prejudice having been filed by defendant, alleging that the judge of the municipal court was prejudiced in the matter, an order was made changing the venue to the circuit court for Milwaukee county.

After a demurrer had been interposed to such plea in abatement, on May 11, 1904, the circuit court ruled that the merits of the plea should be considered, and thereupon overruled the plea. On the same day defendant demurred in writing to the information upon the ground that it appears upon its face that it stated no offense, in that the ordinance with reference to which it is alleged that defendant had accepted the bribe pertained to a transaction not within the power and jurisdiction of the common council of the city of Milwaukee, of which defendant was a member. The court overruled this demurrer, and on October 10, 1904, the case being called for trial, defendant moved the court to dismiss the information upon the grounds that defendant had appeared as a witness before the grand jury, which had been called for the December, 1901, term of the municipal court for Milwaukee county, and had given testimony before this grand jury with reference to the matter, transaction, and thing alleged in the information, and was therefore entitled to the immunity provided for under the provisions of sec. 4078, Stats. 1898, as amended by ch. 85, Laws of 1901. The court denied this motion upon the ground that the matters covered by the motion should be alleged by a special plea in bar. Thereupon defendant filed such plea setting out the matters of the motion, and upon his refusal to further plead the court ordered a plea of not guilty to be entered for him.

A jury having been duly impaneled, the cause proceeded to trial before the jury. The issue raised by the special plea

in bar was tried first. The defendant, to sustain his plea in bar, introduced evidence tending to show that a grand jury was called and attended upon the municipal court for the December, 1901, term, and that he was subpœnaed to appear before them, and that he did so appear on January 9, 1902; that the jury made a report to the municipal court; and that the clerk of this jury had taken minutes of the proceedings of the jury, as required by law, which minutes had been given to the district attorney for Milwaukee county. The district attorney was thereupon sworn as a witness, and asked to produce such minutes for the purpose of introducing them as evidence to show upon what transaction, matter, and thing this defendant gave testimony before the grand jury when he so appeared and testified before them. Upon objection by the state to such demand the court ruled that, upon the ground that all proceedings before the grand jury were privileged, except in so far as the statute permits them to be disclosed and received in evidence, the witness could not be compelled to produce the minutes for the purpose for which they were sought to be used, and that grand jurors and officers in attendance before them were incompetent as witnesses except to contradict or sustain a witness called upon the trial. No further testimony was offered on the special plea in bar, and the court directed the jury to find against the defendant on the plea interposed by him.

The trial upon the general issue of not guilty was then proceeded with. The state produced evidence to sustain the issue on its part. Defendant declined to cross-examine witnesses, and when the prosecution rested its case a motion was made for the discharge of the defendant because of fatal variance between the evidence adduced and the allegations of the information. This motion was denied. Defendant offered no evidence in the case and submitted no argument to the jury.

Before the case was submitted the following instructions,

which defendant requested to have given to the jury, were refused:

"(1) Under the testimony in this case the witnesses Oscar F. Davis and William I. Davis are what, in the law, is known as accomplices; that is, persons aiding or assisting in the commission of a crime. Although an accomplice is a competent witness, yet the jury ought not to convict the defendant upon the testimony of any accomplice or accomplices unless such testimony is corroborated in some material part.

"(2) You are instructed that unless the testimony of the witnesses Oscar F. Davis and William I. Davis is corroborated in some material matter tending directly to connect the defendant with the offense charged—that is, tending to corroborate the testimony of said witnesses that the defendant received the sum of eighty ($80) dollars, with the intent that defendant's official conduct should be influenced thereby—you ought not to convict the defendant, and your verdict should be not guilty.

"(3) You are instructed that unless there is credible testimony in this case in addition to, and in corroboration of, the testimony of the witnesses Oscar F. Davis and William I. Davis, which, taken in connection with their testimony, is sufficient to satisfy your minds beyond a reasonable doubt as to some material fact tending directly to prove that the defendant on the day in question corruptly received the sum of eighty ($80) dollars under an agreement and understanding that his official conduct should be influenced thereby, you should acquit the defendant.

"(4) The offense charged in the information consists of two elements, viz.: First, an agreement or understanding between the witnesses Oscar F. Davis and William I. Davis and the defendant that the defendant was to receive eighty ($80) dollars, with the intent and for the purpose of corruptly influencing him personally in his vote, action, and decision with reference to the ordinance in question; and, second, that the eighty dollars was paid and accepted in pursuance of such agreement and understanding.

"(5) You are instructed that if you find from the evidence that eighty ($80) dollars was paid to the defendant with the understanding or agreement that such money was to be used to influence the vote, action, and decision of other members

of the common council, and not to influence the defendant in his official action with reference to the ordinance in question, then you cannot convict the defendant under this information, and your verdict must be 'Not guilty.'

"(6) You are also instructed that, in order to find a verdict of guilty, you must be convinced beyond a reasonable doubt that the money was paid to the defendant and accepted by him for the purpose of influencing him in his own official action with reference to the ordinance in question.

"(7) If you find that the money was paid by the witness Oscar F. Davis and received by the defendant, this fact in itself is not sufficient to establish a corrupt agreement and understanding and a corrupt acceptance of said money for the purpose of influencing the official action of the defendant with reference to the ordinance in question.

"(8) In addition to the instructions already given as to the necessity of the testimony of an accomplice or accomplices being corroborated, you are further instructed that the testimony of the witness William I. Davis cannot and does not corroborate the testimony of the witness Oscar F. Davis; neither does the testimony of the witness Oscar F. Davis corroborate the testimony of the witness William I. Davis. One accomplice cannot corroborate the testimony of another accomplice."

The case was submitted to the jury under instructions from the court and upon the evidence received. The jury found defendant guilty as charged in the information. A motion for a new trial, made in due time, was denied, and judgment was awarded on the verdict of the jury, defendant being sentenced to imprisonment in the Milwaukee house of correction for the term of one year. He prosecutes this writ of error, directed to the circuit court for Milwaukee county, for a review of the proceedings in the case, and asks that the judgment be reversed upon the errors assigned in the record.

For the plaintiff in error there was a brief by *A. C. Umbreit* and *John M. Clarke,* attorneys, and *Hoyt, Doe, Umbreit & Olwell,* of counsel, and a supplemental brief by *J. M. Clarke,* attorney, and *Hoyt, Doe, Umbreit & Olwell,* of

Murphy v. State, 124 Wis. 635.

counsel; and the cause was argued orally by *A. C. Umbreit* and *J. M. Clarke*. They contended, *inter alia,* that when the charge in a complaint is the commission of felony no jurisdiction is acquired by the court where the complaint is verified merely upon information and belief. *Comm. v. Certain Lottery Tickets,* 5 Cush. 369; *Comm. v. Phillips,* 16 Pick. 211, 213; *Blodgett v. Race,* 18 Hun, 132; *People ex rel. Kingsley v. Platt,* 22 Hun, 300; *In re Blum,* 30 N. Y. Supp. 396; *Blythe v. Tompkins,* 2 Abb. Pr. 468; *Brown v. Kelley,* 20 Mich. 27; *People ex rel. Hackett v. Judge,* 36 Mich. 334; *In re Way,* 41 Mich. 299; *People v. Heffron,* 53 Mich. 527; *People v. Schottey,* 66 Mich. 708; *Curnow v. Kessler,* 110 Mich. 10. The common council of a city has no power, right, or jurisdiction to grant to private individuals the right to use a highway, or any part thereof, for private purposes. *St. Vincent's F. O. Asylum v. Troy,* 76 N. Y. 108; *Callanan v. Gilman,* 107 N. Y. 360; *People ex rel. Wooster v. Maher,* 141 N. Y. 330; *Adams v. Ohio Falls C. Co.* 131 Ind. 375; *Glasgow v. St. Louis,* 87 Mo. 678; *State ex rel. St. Louis U. S. Co. v. Murphy,* 134 Mo. 548; *Reimer's Appeal,* 100 Pa. St. 182; *Smith v. McDowell,* 148 Ill. 51; *Field v. Barling,* 149 Ill. 556; *Hibbard, S. & B. Co. v. Chicago,* 173 Ill. 91; *Mikesell v. Durkee,* 34 Kan. 509; *Heath v. Des Moines & St. L. R. Co.* 61 Iowa, 11; *Gustafson v. Hamm,* 56 Minn. 334, 22 L. R. A. 565; *Glaessner v. Anheuser-Busch B. Asso.* 100 Mo. 508; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 98 N. W. 969. The council having no power, right, or jurisdiction to pass the ordinance in question, defendant, as a member of the council, could not be guilty of accepting a bribe to influence his official action with reference to such void ordinance. *State v. Butler,* 178 Mo. 272, 77 S. W. 574; *In re Yee Gee,* 83 Fed. 145; *U. S. v. Gibson,* 47 Fed. 833; *U. S. v. Boyer,* 85 Fed. 425; *James v. Bowman,* 190 U. S. 127; *Collins v. State,* 25 Tex. Supp. 202, 204; *Moore v. State,* 44 Tex. Crim. 159, 69 S. W. 521; *Gun-*

*ning v. People,* 189 Ill. 165 ; *Comm. v. Reese* (Ky.) 29 S.
W. 352 ; *Kirby v. State,* 57 N. J. Law, 320, 31 Atl. 213 ;
*Old v. Comm.* 18 Grat. 915 ; *Newman v. State,* 97 Ga. 367,
23 S. E. 831 ; *People ex rel. Purley v. Judge,* 2 Cal. 564.
Proceedings before a grand jury can be disclosed upon a trial
before a jury when such disclosure is in furtherance of
justice, for the ascertainment of truth, and the protection
of the rights of the accused.    Under such circumstances
grand jurors and prosecuting attorneys are competent wit-
nesses and the minutes of the proceedings competent evidence.
*Hinshaw v. State,* 147 Ind. 334 ; *Hunter v. Randall,* 69 Me.
183 ; *State v. Benner,* 64 Me. 267 ; *Sands v. Robison,* 12 Sm.
& M. (Miss.) 704 ; *State v. Broughton,* 7 Ired. Law, 96 ;
*State v. Moran,* 15 Oreg. 262 ; *Jones v. Turpin,* 6 Heisk.
181 ; *People v. Naughton,* 38 How. Pr. 430 ; *State v. Gard-
ner,* 88 Minn. 130, 141, 92 N. W. 529, 534 ; *Comm. v. Mead,*
12 Gray, 167 ; *Comm. v. Green,* 126 Pa. St. 531 ; *Comm. v.
McComb,* 157 Pa. St. 611 ; *Jenkins v. State,* 35 Fla. 737 ;
*Izer v. State,* 77 Md. 110 ; *People v. Northey,* 77 Cal. 618 ;
*U. S. v. Farrington,* 5 Fed. 343 ; *Comm. v. Hill,* 11 Cush.
137 ; *N. W. F. Ins. Co. v. Healey,* 151 Mass. 538 ; *State v.
Will,* 97 Iowa, 58 ; 1 Bishop, Crim. Proc. (1st ed.) § 730 ;
4 Wigmore, Evidence, §§ 2360–2363 ; 3 Rice, Crim. Ev.
§ 255, p. 410, and cases cited ; Wharton, Crim. Ev. (8th ed.)
§§ 510, 512.    A bribe giver is an accomplice of a bribe taker
and the jury ought to be so instructed and at least cautioned
as to the danger of convicting an alleged bribe taker upon
the uncorroborated testimony of a bribe giver.    3 Rice,
Crim. Ev. § 319 ; *U. S. v. Ybanez,* 53 Fed. 536, 540 ; *State
v. Smalls,* 11 S. C. 262 ; *People v. Northey,* 77 Cal. 618 ;
*State v. Carr,* 28 Oreg. 389 ; *People v. Bissert,* 71 App.
Div. 118 ; *S. C.* affirmed, 172 N. Y. 643 ; *People v. Winant,*
24 Misc. (N. Y.) 361, 363 ; *State v. Ruffin,* 36 Tex. Crim.
565, 38 S. W. 169 ; *People v. Fielding,* 36 App. Div. 401 ;
*Morawielz v. State* (Tex.) 80 S. W. 997 ; *Comm. v. Bos-*

*worth,* 22 Pick. 397; *Comm. v. Brooks,* 9 Gray, 299; *Comm. v. Price,* 10 Gray, 472; *Comm. v. Scott,* 123 Mass. 222; *Comm. v. Holmes,* 127 Mass. 424.

For the defendant in error there was a brief by the *Attorney General* and *Walter D. Corrigan,* first assistant attorney general, and *F. E. McGovern,* of counsel, and oral argument by *Mr. Corrigan.* They argued, among other things, that if an application for a special privilege is pending before a common council and within its jurisdiction to consider, even though the utmost that the common council can lawfully do would be to deny the application, a member of the common council who accepts money to influence his action on the question is within the bribery statute and may be convicted of that offense. *State v. Ellis,* 33 N. J. Law, 102, 97 Am. Dec. 707; *People v. McGardy* (Mich.) 99 N. W. 147; *Glover v. State,* 109 Ind. 391, 10 N. E. 282; *State v. McDonald,* 106 Ind. 233; *Shircliff v. State,* 96 Ind. 369; *State v. Potts,* 78 Iowa, 656; *State v. Gardner,* 54 Ohio St. 24, 42 N. E. 999, 31 L. R. A. 660; *State v. Butler,* 178 Mo. 272, 77 S. W. 560; 4 Am. & Eng. Ency. of Law (2d ed.) 908, and cases cited; *People v. Salsbury,* 134 Mich. 537, 96 N. W. 936. Where a statute expressly states in what cases a grand juror may disclose evidence which he has heard, he can do so in no other. *People v. Lauder,* 82 Mich. 109; *People v. Thompson,* 122 Mich. 411; Underhill, Crim. Ev. § 182; *People v. Tinder,* 19 Cal. 539, 81 Am. Dec. 77; *Tindle v. Nichols,* 20 Mo. 326; *Gutgesell v. State* (Tex.) 43 S. W. 1016; *Comm. v. Scowden,* 92 Ky. 120; *State v. Hayden,* 45 Iowa, 11; *State v. Gibbs,* 39 Iowa, 318; *State v. Ostrander,* 18 Iowa, 435; *People v. Hulbut,* 4 Denio, 133; *State v. McPherson,* 114 Iowa, 492, 87 N. W. 421; 9 Am. & Eng. Ency. of Law (1st ed.) 17, 18. To the contrary: *Jenkins v. State,* 35 Fla. 737; *Hinshaw v. State,* 147 Ind. 334; *Thrawley v. State,* 153 Ind. 375; 1 Greenl. Ev. (16th ed.) § 252. See *Crocker v. State,* Meigs (Tenn.) 127; *Beam v. Link,* 27 Mo. 261; *State v. Fas-*

*set,* 16 Conn. 457; *U. S. v. Cobban,* 127 Fed. 713; *State v. Logan,* 1 Nev. 509, and cases cited; *State v. Lewis,* 38 La. Ann. 680; *McLellan v. Richardson,* 13 Me. 82; *Gitchell v. People,* 146 Ill. 175; *State v. Hamlin,* 47 Conn. 114, and cases cited; *Hall v. State,* 134 Ala. 90, 32 So. 750; *People v. Diamond,* 76 N. Y. Supp. 57; *Pritchett v. Frisby,* 112 Ky. 629, 66 S. W. 503; *Hines v. State* (Tex.) 39 S. W. 935; *Loveland v. Cooley,* 59 Minn. 259; *State v. Brewster,* 70 Vt. 341.    A bribe giver is not an accomplice of a bribe taker. *State v. Durnam,* 73 Minn. 150, 75 N. W. 1127; *Comm. v. Wood,* 11 Gray, 85; *Reg. v. Boyes,* 1 Best. & S. 311; *State ex rel. Thurston v. Sargent,* 71 Minn. 28, 73 N. W. 626; Wharton, Crim. Ev. (9th ed.) § 440; *State v. Roberts,* 15 Oreg. 187; 1 Bishop, New Crim. Proc. § 1159; *State v. Renswick,* 85 Minn. 19, 88 N. W. 22.    That the instructions as to testimony of accomplices were properly refused, see *Black v. State,* 59 Wis. 471; *Porath v. State,* 90 Wis. 527.

SIEBECKER, J.    The plea in abatement, alleging that the court had no jurisdiction of the person or of the subject matter of the transaction, is based upon the ground that no sufficient and valid complaint had been filed before the defendant was arrested and the preliminary examination was held.    The complaint states facts which, in effect, set forth the necessary elements constituting the alleged offense.    The complainant in form deposes and states that he, "being first duly sworn, on oath complains to the district court of the county of Milwaukee, and states *that he has good reason to believe and does believe*" that the defendant, while acting in his official capacity as an alderman of the city of Milwaukee, did corruptly receive money to influence him in his official action, vote, and judgment in respect to matters then pending wherein he was by law required to act.    The contention is that a complaint upon information and belief does not

meet the requirement of sec. 4776, Stats. 1898, which pro-
vides that: "Upon complaint being made to any magistrate
that a criminal offense has been committed, he shall examine,
on oath, the complainant and any witnesses produced by
him, and shall reduce the complaint to writing and shall
cause the same to be subscribed by the complainant; and if
it shall appear that any such offense has been committed the
magistrate shall issue a warrant reciting the substance of the
accusation," for the apprehension of the accused, and there-
upon require an officer to execute it.   This section and sec.
4740, Stats. 1898, contain the provisions for making com-
plaints and the issuance of warrants for the apprehension of
offenders.   These two sections, in so far as they bear on the
inquiry before us, are alike, and any construction which has
been given by this court to the terms of either of these stat-
utes will be pertinent and material in passing on the question
raised by the plea in abatement.

In *State ex rel. Long v. Keyes,* 75 Wis. 288, 44 N. W. 13,
it is declared that sec. 4776, adopted as early as 1839, was
taken from the statutes of New York as it had there stood for
some time.   The claim that a good and sufficient complaint
under this statute must state in positive and direct terms that
the offense charged has been committed was fully considered
and determined in the case of *State v. Davie,* 62 Wis. 305,
22 N. W. 411. True, that was a complaint charging a simple
misdemeanor, upon which the accused was tried, convicted,
and sentenced; but, as above indicated, the requirements of
the statute now before us and the one before the court in that
case are alike in providing what proceedings shall be had in
making complaint for the apprehension of offenders. · In that
case, as in this, the constitutional provisions which prohibit
persons from being held to answer for criminal offenses with-
out due process of law were appealed to.   Upon a full con-
sideration of this question, then presented, and in view of
the adjudications in other jurisdictions seemingly in conflict

on the subject, it was determined that under our statutes a formal complaint which states that the complainant was "informed and has good reason to believe and does verily believe" that the offense described had been committed (naming the offender) meets the particularity and certainty required in charging the offense by the terms of this statute. It is pointed out that the statute requires that an oral complaint be first made to the magistrate, and he thereupon is required to put the person complaining and the other witnesses produced by him under oath; and the complaint shall then be reduced to writing, but need not have a written verification on oath appended to it, but it must be based on the sworn oral statements of the complainant and witnesses, if any are produced, made to the magistrate on examination by him. If, after such proceeding, the magistrate is satisfied that an offense has been committed and that the person accused is the probable offender, he is authorized to issue a warrant reciting the substance of the complaint and directing his apprehension. Under the proceeding thus provided it was held that the statute did not contemplate that the formal written complaint could be made in positive terms only, but that a formal complaint on information and belief is sufficient. It is supposed that the facts disclosed to the magistrate upon his examination on oath of the complainant and the witnesses, if any, satisfies him that an offense has been committed and that a warrant should issue for the apprehension of the person charged. This practice was upheld in the case of *State v. Hobbs,* 39 Me. 212, which was expressly approved in the *Davie Case.* This construction of the statute fulfils the constitutional requirements of due process of law, in that the proceeding results in an adjudication by the magistrate that good grounds are shown for the apprehension of the accused. *State v. Bielby,* 21 Wis. 204.

Counsel concede that the practice of trying persons upon complaint on information and belief in misdemeanor cases is

sanctioned and approved, but assert that such practice is un-authorized in the case of felonies. The grounds for such a dis-tinction are not apparent because of any difference in effect on the legal rights of persons involved in the two proceed-ings, for each subjects the party to an accusation, arrest, and inquisition as to whether or not he is guilty as charged. If any difference in strictness of procedure should be indulged, then less particularity and certainty should be required in. proceedings for the arrest for a preliminary examination before an inferior tribunal to determine whether a party should be held for trial than in cases where persons are ar-rested and tried upon complaint which may result in con-viction and sentence. *Comm. v. Phillips,* 16 Pick. 211. For other cases on the subject, see *State v. Dale,* 3 Wis. 795; *State v. Bielby, supra; State ex rel. De Puy v. Evans,* 88 Wis. 255, 60 N. W. 433.

This construction of the statute, we believe, has been fol-lowed since its adoption, and has the sanction of long years of acquiescence in the trial courts, and has not been ques-tioned in this court except in the instances above mentioned. We must hold that the complaint is sufficient under sec. 4475, and that the plea in abatement was properly overruled.

2. The information charges that the defendant, pursuant to an understanding and agreement with one Oscar F. Davis, corruptly received money to influence him in the casting of his vote as a member of the common council of the city of Milwaukee for the passage of an ordinance pending before the common council, whereby it was sought to grant to the Davis Bros. Manufacturing Company the right to lay a rail-road track along and across a public street of the city. The charge is alleged with sufficient particularity to meet the re-quirements of sec. 4475, Stats. 1898. The defendant de-murred to the information upon the ground that it appeared upon the face thereof that the ordinance described therein could not, by law, be then pending, nor be brought before

the common council for action or for a vote, because the ordinance was void, in that it was thereby attempted to grant to the Davis Bros. Manufacturing Company a right and privilege which the common council had no power or authority to grant, and in that any action thereon by the common council would be wholly void and of no effect. It is contended that the privilege or license which the common council attempted to grant by this ordinance is void, because it attempts to grant the manufacturing company the use of a public street for private purposes. It may be assumed that the privilege attempted to be given by this ordinance was a private one, and that the use of the street authorized by the ordinance was one which the common council had no right to grant to individuals.. The question then arises, Do the facts alleged in the information constitute an offense under sec. 4475, Stats. 1898.? This section provides that:

"Any person who shall corruptly give, offer or promise to any . . . legislative . . . officer of . . . [a] city . . . any gift or gratuity, or any money, goods, thing in action, personal or real property, or anything of value, . . . with intent to influence his vote, opinion, judgment or action *upon any question, matter, cause or proceeding* which may then be pending, or which may by law come or be brought before him *in his official capacity,* and any such officer who shall corruptly accept or receive any such gift, [etc.] under any agreement or understanding that his vote, opinion, judgment or action should be thereby so influenced shall be punished"·as prescribed.

The language of the statute makes it plain that the acts charged as criminal must arise out of a transaction which pertains to a question, matter, cause, or proceeding which is pending, or which may by law come or be brought, before such officer in his official capacity. It is claimed that since the ordinance attempted to bestow on the members of the company a privilege which in law it had no right to grant, it must be held that the act of voting on the passage or re-

jection of the ordinance was wholly beyond and outside of the official power and duty of the defendant as a member of the common council, and therefore bribery cannot be predicated on his action in relation thereto. It is without dispute that the common council is given the right to control, regulate, and repair the streets of the city, to regulate the manner of using the streets and pavements, and to protect them from injury. This power not only authorizes the council to regulate the public use of the streets, but imposes upon it the duty of preventing unlawful uses of them, and to do this the members of the common council are empowered to prescribe by ordinance what are deemed proper and what are improper uses of the streets. Whenever they pass their opinion or judgment or when they take action upon such questions they are in the exercise of powers and duties pertaining to their official capacity. Whether the act of voting on this ordinance by a member of the common council was an act relating to his official capacity cannot be tested by the validity or invalidity of the privilege sought to be granted, but depends upon the question of whether or not the ordinance was one which dealt with a subject over which the common council had jurisdiction, and upon which the members of the common council had a right to vote. The subject of the ordinance clearly related to the proper regulation of the street in question. It was an application to the council for a certain use of a street, concerning which the common council had power to act, and the members were called upon to ascertain and determine whether or not the use which was sought to be sanctioned and authorized by this ordinance was a proper one, and in passing on this question it was the right and duty of the members of the common council to vote when the ordinance came before them for passage and adoption. If the ordinance attempted to grant an unlawful use, then it was the duty of the members of the common council to vote against its adoption. In view of the right they had and the duty imposed

upon them, the question is not whether or not the ordinance granted a valid privilege, but whether the members of the common council had the right to vote on the question of its passage and adoption. In view of the powers and duties imposed upon them by the city charter, it is clear that under the powers given them to control and regulate the manner of using the public streets they had the right to deal with the subject matter of the ordinance. The power, therefore, embraces the right and imposes the duty on members of the common council of refusing to sanction an improper and illegal use of such streets under cover of authority from them. The voting on such an ordinance is action by members of the common council within their official capacity, and if a member receives money from any person under an understanding or agreement that his vote, judgment, or action should be influenced thereby, then he offends against the terms of the statute.

We are cited to the cases of *James v. Bowman,* 190 U. S. 127, 23 Sup. Ct. 678; *U. S. v. Boyer,* 85 Fed. 425; *Collins v. State,* 25 Tex. Supp. 202; and *Slate v. Butler,* 178 Mo. 272, 77 S. W. 560, among others, as sustaining the position that bribery cannot be predicated upon the action of the defendant in voting on the ordinance in question because the privilege sought to be bestowed is invalid. An examination of these decisions shows that they do not support the contention, but that, in so far as they deal with the subject in hand, they support the conclusion above stated. In those instances wherein it was ruled that no offense had been shown, it was upon the ground that the act charged as corrupt official conduct pertained to some matter over which the law neither expressly nor by implication granted the officers involved any authority. Such cases differ from the instant case, which presents one wherein the accused is charged with having received money corruptly to influence him in his vote and action upon a matter and proceeding over which the common council

had been given jurisdiction and power, under which a matter was legally pending before him in his official capacity. These circumstances furnish a proper basis on which to found the charge of bribery. This conclusion is sustained by numerous cases, of which we cite the following: *State v. Ellis,* 33 N. J. Law, 102; *People v. McGarry* (Mich.) 99 N. W. 147; *Glover v. State,* 109 Ind. 391, 10 N. E. 282; *People v. Salsbury,* 134 Mich. 537, 96 N. W. 936; and *State v. Potts,* 78 Iowa, 656, 43 N. W. 534.

3. Error is assigned upon the ruling of the trial court to the effect that the proceedings before a grand jury are privileged from being adduced before it as evidence by the defendant for the purpose of showing his immunity under sec. 4078, Stats. 1898, as amended by ch. 85, Laws of 1901. The amended section provides that no witness or party in the actions, proceedings, or examinations therein specified

"shall be excused from testifying on the ground that his testimony may expose him to prosecution for any crime, misdemeanor or forfeiture. But no person shall be prosecuted or be subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may testify, or produce evidence, documentary or otherwise, in such action, proceeding or examination, except a prosecution for perjury committed in giving such testimony."

It is not questioned but that this statute gives the defendant an important right, in that he may assert a statutory exemption from punishment by way of defense in a criminal prosecution. An act of Congress of like import was held valid legislation, and it was decided that under its terms witnesses and parties could be compelled to give testimony of a self-incriminating character, if the provisions of the statute afforded immunity from prosecution for the offense to which the testimony related. *Brown v. Walker,* 161 U. S. 591, 16 Sup. Ct. 644. The defendant interposed a plea in bar claiming immunity from punishment for the offense charged

.in the information upon the ground that he appeared before the grand jury of Milwaukee county while it was in session in the month of January, 1902, and gave testimony as to the transaction, matter, and things alleged in the information. Upon the trial of the special issue raised by this plea he attempted to compel the production of the minutes of the proceedings of the grand jury for the purpose of offering them as original evidence to sustain the allegations of his plea in bar, but the court ruled these minutes as well as the testimony of members of the grand jury and the district attorney to be privileged under the rule of secrecy applied to proceedings before a grand jury. The purpose of such secrecy is embodied in the terms of their oath of office, and was designed to further an efficient and effective administration of the criminal law. The authorities as to whether testimony of the proceedings before a grand jury is competent as original evidence upon a trial· in court are not uniform. They unite in declaring that it can at no time be shown how the individual jurors voted, or what was said by them during their deliberations, for the reason that a disclosure thereof could not serve any purpose of justice. In *Comm. v. Mead,* 12 Gray, 167, the court, speaking on this subject, through Justice BIGELOW declares:

"The reasons on which the sanction of secrecy which the common law gives to proceedings before grand juries is founded are said in the books to be three-fold: One is that the utmost freedom of disclosure of alleged crimes and offenses by prosecutors may be secured. A second is that perjury and subornation of perjury may be prevented by withholding the knowledge· of facts testified to before the grand jury, which, if known, it would be for the interest of the accused or their confederates to attempt to disprove by procuring false testimony. The third is to conceal the fact that an indictment is found against a party in order to avoid the danger that he may escape and elude arrest upon it before the presentment is made."

All of the reasons practically disappear after the arrest of the accused, when he is put upon his trial in court. The only one of these grounds which could possibly, in a measure, subsist is the danger of subornation, and this is quite effectually disregarded in modern criminal law, which approves the right and the procedure by which the accused, in fairness, is informed before trial of the witnesses the state relies upon to establish the case. An examination of the adjudications leads us to the conclusion that evidence by grand jurors of the statements made before them by witnesses and parties is competent upon trials in courts, and that the weight of authority sustains the practice whenever the trial court deems it necessary for the ascertainment of truth and in furtherance of justice. Of the leading authorities on this subject we cite the following: *State v. Benner,* 64 Me. 267; *Izer v. State,* 77 Md. 110, 26 Atl. 282; *Comm. v. Mead,* 12 Gray, 167; *Comm. v. Hill,* 11 Cush. 137; *People v. Naughton,* 38 How. Pr. 430; 4 Wigmore, Evidence, §§ 2360–2363; 3 Rice, Evidence, 412.

It is urged that the rule of the common law as to the competency of this class of evidence cannot control, because the subject is regulated by statute, which excludes it except as therein made competent. The statutory provisions on the subject are embodied in secs. 2553–2555. An examination of these sections shows that, when the court so orders, grand jurors and officers attending on them are forbidden to make disclosure of the fact that an indictment for felony has been found until the arrest of the offender; that the jurors are not allowed to state or testify in what manner they may have voted, or what opinion was expressed by any of them, on any question before them; and that the members of the jury may be required to testify as to whether the testimony of a witness examined before them is consistent with or differs from his evidence before a court; and in prosecutions for perjury of the person who appeared and testified before them they may

be required to disclose the testimony given before them. It will be observed that the statutes are declaratory in part of the rules which had been established by the courts as to the competency of such evidence in the administration of the criminal law, but they in no way indicate that it was thereby intended to interfere with the established practice, which was to the effect that it is proper to examine a grand juror upon a trial in court as to what a witness testified to before the grand jury, when not objectionable under the ordinary rules of evidence, and when the ends of justice require it. The supreme court of the state of Florida, in construing their statute on this subject, which is the same in terms and phraseology as the sections above mentioned, held that they in no way abrogated the common-law rules which prevailed when the statute was adopted.   See *Jenkins v. State,* 35 Fla. 737, 18 South. 182, and cases cited; *Hinshaw v. State,* 147 Ind. 334, 47 N. E. 157.   Upon these grounds we must hold that the court erred in holding that the evidence of grand jurors, the district attorney, and the minutes of the grand jury's proceedings could not be received as original testimony, when it is material to the issues involved upon this trial.

But an additional and very strong and cogent reason for holding this evidence material and competent is found in applying the provisions of ch. 85, Laws of 1901, quoted above. As stated, this statute takes from the defendant a very important right, in that he may be compelled to give testimony before the grand jury, and for the deprivation of this constitutional privilege has granted him complete immunity from prosecution or subjection to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he testified or produced evidence.   If the defendant can establish that he is entitled to such immunity, it will be a complete defense to any further proceeding and entitle him to a discharge from further prosecution.   In its legal aspect this right is as important to the defendant as any

legal defense to the accusation. No grounds are suggested why he should not be awarded the usual and ordinary methods recognized by the law for showing the facts necessary to establish this defense, nor do any valid reasons suggest themselves to us for holding that he should be deprived of this right given him in the law. We are of the opinion that this evidence, if otherwise unobjectionable, is competent as original evidence on the question involved in the issue raised by defendant's plea in bar, and should have been received, regardless of whether or not defendant testified as a witness upon the trial. It is the policy of the state not to compel persons charged with crimes to testify in their own behalf. This privilege should not be imperiled by denying them the right to employ any legal means to establish their defenses.

4. It is contended that the court erred in directing a verdict against defendant on the special issue raised by this plea in bar. The evidence before the court upon this issue seems to permit of no inferences tending to sustain defendant's plea. Under these circumstances the court was warranted in instructing the jury that there was no proof before them which could support defendant's plea, and that they must so find upon the special issue.

5. It is further alleged that there was a fatal variance between the evidence and the allegations of the information, and that the court improperly refused to give the instructions requested on this point. We deem it sufficient to state as to this assignment of error that we do not find a fatal variance between the proof and the charge. The facts in evidence were such that a jury might reasonably infer that defendant was the recipient of a part of the money paid by Oscar F. Davis, and that he received it under an understanding that it was received for the purpose of influencing his vote or action in reference to the ordinance in question. *State v. Dunn,* 125 Wis. 181, 102 N. W. 935. Defendant's requests for instructions to the jury on this branch of the case do not

require separate attention, because the charge of the court sufficiently and properly covers the points embraced in them and correctly informs the jury of the rules of law applicable thereto.

The defendant submitted several instructions requesting the court, in effect, to inform the jury that they would not be warranted in law in convicting the defendant, because the evidence relied on to establish guilt is the uncorroborated evidence of accomplices in crime. In the case of *Black v. State,* 59 Wis. 471, 18 N. W. 457, this court held that: "When there is no evidence against the accused, except the uncorroborated testimony of an accomplice, it is discretionary with the trial court whether to direct an acquittal or not;" and that "a judgment will not be reversed for refusing to set aside a verdict founded upon such testimony alone." The rule thus adopted was approved in *State v. Juneau,* 88 Wis. 180, 59 N. W. 580, and in *Porath v. State,* 90 Wis. 527, 63 N. W. 1061. In the latter case, speaking on this subject, it is said:

"It was discretionary with the trial court whether to direct an acquittal or not, and a judgment founded on such uncorroborated testimony alone will not be reversed. The trial court was not required to direct an acquittal on that ground, or to give any instruction to the jury as to the effect of the testimony of the prosecutrix" (if she be regarded as an accomplice).

This ruling is supported by the established practice, upon the principle that the trial court acts within the field of its discretion as to whether a verdict of acquittal should be directed, or admonitory instructions cautioning them against finding a verdict of guilty upon such testimony only should be given to the jury. An examination of the evidence in this case shows clearly that the court did not abuse its discretion in refusing to give the requested instructions, in that the testimony is amply sufficient to sustain the verdict; but the

judgment of the court cannot stand on account of the error in excluding proof of the proceedings before the grand jury.

*By the Court.*—The judgment is reversed, and the cause is remanded for a new trial. The inspector of the Milwaukee house of correction will deliver the plaintiff in error to the sheriff of Milwaukee county, who is directed to keep the said *Murphy* in his custody until he is duly discharged therefrom, or until otherwise ordered according to law.