SPARKMAN, Plaintiff in error, v. STATE, Defendant in error.*

*March 5—April 2, 1965.*

* Motion for rehearing denied, without costs, on June 25, 1965.

94

For the plaintiff in error there was a brief and oral argument by *Lloyd A. Barbee* of Milwaukee.

For the defendant in error the cause was argued by *Betty R. Brown* and *William A. Platz,* assistant attorneys general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HALLOWS, J.   The defendant makes three claims for reversal: (1) He was constitutionally entitled as an indigent to appointed counsel at his preliminary hearing; (2) he appeared manacled or handcuffed at the preliminary hearing and subsequently three times before the trial court; and (3) there is not sufficient credible evidence to sustain the

verdict of guilty. We will consider these alleged grounds for reversal in reverse order.

Defendant did not move for a new trial or to set aside the verdict on the ground of insufficient evidence and therefore has no right to a review of the evidence. *Dascenzo v. State* (1965), 26 Wis. (2d) 225, 132 N. W. (2d) 231; *State v. Tuttle* (1963), 21 Wis. (2d) 147, 124 N. W. (2d) 9; *State v. Dunn* (1960), 10 Wis. (2d) 447, 103 N. W. (2d) 36; and *Ferry v. State* (1954), 266 Wis. 508, 63 N. W. (2d) 741. Moreover, the defendant's contention that he cannot be convicted on uncorroborated evidence of an accomplice is not true as a rule of law and is not supported by the facts. It is true that in some states by statute uncorroborated testimony of an accomplice will not support a conviction; however, that was not the rule at common law where uncorroborated testimony of an accomplice could be accepted by the jury unless it was bald perjury, preposterous, or self-contradictory. 20 Am. Jur., Evidence, pp. 1087–1091, secs. 1235, 1237, 1238. If the court allowed the case based on uncorroborated testimony of an accomplice to go to the jury it was customary for the court to caution the jury not only as to the danger of acting upon such testimony but also to scrutinize such testimony and accept it with caution. The uncorroborated testimony of an accomplice is, however, competent evidence upon which to base a verdict of guilty if it is of such a nature that it is entitled to belief and the jury believes it. *Varga v. State* (1930), 201 Wis. 579, 230 N. W. 629; *Millin v. State* (1926), 191 Wis. 188, 210 N. W. 411; *Murphy v. State* (1905), 124 Wis. 635, 102 N. W. 1087; *Means v. State* (1905), 125 Wis. 650, 104 N. W. 815; and *Porath v. State* (1895), 90 Wis. 527, 63 N. W. 1061.

*A fortiori* testimony of an accomplice which is corroborated by physical facts or other testimony is sufficient to

sustain a conviction. *State v. Ketchum* (1952), 263 Wis. 82, 56 N. W. (2d) 531; Anno. 96 A. L. R. (2d) 1185, Witness-Accomplice-Corroboration. Here, the corroborating testimony of other witnesses and the physical evidence confirmed material parts of the accomplice's testimony and also connected the defendant with the commission of the crime.

The defendant argues reversal is required because he was manacled during the preliminary hearing and on three other occasions before the court prior to his trial. No claim is made the defendant was manacled at his arraignment or at his trial before the jury. A review upon a writ of error is limited in scope to the correction of mistakes appearing on the face of the record. *Babbitt v. State* (1964), 23 Wis. (2d) 446, 127 N. W. (2d) 405; *Martin v. State* (1941), 236 Wis. 571, 295 N. W. 681; and *Ogden v. State* (1916), 162 Wis. 500, 156 N. W. 476. Procedurally, therefore, this issue is not before us because the record does not disclose the defendant was manacled at the preliminary hearing; but even if he were it would not be a ground for reversal.

We must point out that the evils sought to be avoided by permitting the defendant to appear free from shackles is the creation of prejudice in the minds of the jury before whom the defendant is tried. The rule that the accused should not be manacled at his trial is not absolute as the safety of the prisoner and others may demand shackles even in the presence of the jury. It is for the trial court rather than the police to determine whether such caution is necessary to prevent violence or escape. Such action on the part of the trial court should not be reversed on appeal unless it amounts to abuse of discretion. 14 Am. Jur., Criminal Law, p. 855, sec. 132. The general rule is stated in *Way v. United States* (10th Cir. 1960), 285 Fed. (2d) 253, 254, as:

"It is the general rule that under ordinary circumstances freedom from handcuffs, shackles, or manacles of a defendant

during the trial of a criminal case is an important component of a fair and impartial trial. In other words, such procedure should not be permitted except to prevent the escape of the accused, to prevent him from injuring others, and to maintain a quiet and peaceable trial. . . ."

To the same effect are the cases cited by the defendant, *Blair v. Commonwealth* (1916), 171 Ky. 319, 188 S. W. 390; *French v. State* (Okla. Crim. 1963), 377 Pac. (2d) 501; and *State v. Coursolle* (1959), 255 Minn. 384, 97 N. W. (2d) 472, which condemn the practice of handcuffing the accused or his witnesses in the presence of the jury.

The defendant contends the due-process and the equal-protection clauses of the Fourteenth amendment of the federal constitution and sec. 7, art. I of the state constitution providing "in all criminal prosecutions" the accused has the right to the assistance of counsel entitle him as an indigent to appointed counsel at his preliminary hearing. Our last expression on this issue was in *State ex rel. Offerdahl v. State* (1962), 17 Wis. (2d) 334, 116 N. W. (2d) 809, when we stated there was no constitutional right to be provided with counsel at a preliminary hearing arising under either the state or federal constitution because a preliminary hearing was not a criminal prosecution within the meaning of the constitutional provisions. We stated, however, the practice of appointing counsel prior to the preliminary hearing was to be encouraged.

We do not reach the question whether an indigent has a constitutional right to appointed counsel at a preliminary hearing on this record. Although extradition papers are not in the record, it is stated in several places the defendant was extradited from Illinois. A fugitive from justice within the meaning of the constitution and the laws of the United States is not entitled to a preliminary hearing before an information is filed against him. This is one of the exceptions to the requirement of a preliminary hearing in

sec. 955.18 (1), Stats. *Johns v. State* (1961), 14 Wis. (2d) 119, 109 N. W. (2d) 490. Although the defendant was not entitled to a preliminary hearing, he did in fact have one. No testimony given by the defendant at that hearing was used against him at his trial and no claim is made he was prejudiced at the trial because of the denial of counsel at the preliminary hearing. Although there have been some developments in the constitutional right to appointed counsel since our decision in *State ex rel. Offerdahl v. State, supra,* we reserve for future consideration the constitutional aspect of appointing counsel for an indigent at the preliminary-hearing level.[1]

However, on grounds of public policy we adopt a rule for prospective application only that an indigent is entitled to appointed counsel at or prior to a preliminary hearing unless intelligently waived. Wisconsin from early statehood has been concerned with its duty to provide counsel in criminal cases for indigents and has not depended upon or awaited the increasing scope of the commands of the Fourteenth amendment. In the very early cases of *Carpenter v. County of Dane* (1859), 9 Wis. 249 (*274), and *Dane County v. Smith* (1861), 13 Wis. 654 (*585), this court recognized a trial court had the power and the duty to appoint counsel at county expense for an indigent accused. The grounds for the existence of this power sprang from "necessities of the case" and the demands of "public justice and sound policy." This power and duty were based on common law and supported by arguments from the various provisions of sec. 7, art. I of the Wisconsin constitution providing an accused with the right to assistance of counsel and with other rights calculated as necessary to secure a fair trial; the justice

---

[1] Three days after this decision was handed down the United States supreme court reserved the same question in *Pointer v. State of Texas* (1965), 380 U. S. 400, 85 Sup. Ct. 1065, 13 L. Ed. (2d) 923.

and humane result arising from the exercise of such power; the interest of the public in the correct and fair administration of its criminal laws; and the practice of the courts from the first organization of the government. These reasons, although used to sustain the right to appoint counsel at the trial, take on new significance and meaning under modern criminal procedure which often demands earlier representation if it is to be effective.

There are many statutory provisions recognizing an accused needs counsel before trial if such representation is to be effective and the accused is to be afforded the opportunity to be fairly tried. Appointment of counsel for an indigent charged with a felony must be made in time to enable counsel to attend the taking of any deposition. Sec. 957.26, Stats. A preliminary hearing since 1849, has been considered an essential step in the criminal process involving felonies. Sec. 954.04, and ch. 145, sec. 8, R. S. 1849. Since 1875 the statutes have provided that with two exceptions no information shall be filed without first holding a preliminary examination. Sec. 955.18 (1) and sec. 4654, R. S. 1878. An accused may have retained counsel at a preliminary hearing and cross-examine prosecution witnesses. Sec. 954.08 (1), and ch. 145, sec. 13, R. S. 1849. It is a crime for one holding a person in custody whether that person is charged with a crime or not to deny him the right to consult and be advised by an attorney at his own expense if he requests a named attorney. Sec. 946.75. A district attorney is commanded in sec. 270.125 (4) to inform the prisoners awaiting trial of their right to counsel and to compulsory process to procure the attendance of witnesses at least ten days before each general term of court.

Other compelling reasons for requiring the defendant to be represented by counsel at least as early as the preliminary hearing include the avoidance of the adverse psychological factors affecting an unrepresented defendant, the furnishing

of opportunity for effectively preparing the defense of cross-examining government witnesses at the preliminary, and the preservation of testimony of other witnesses which might be lost. Equal Justice for the Accused, Report by the Special Committee of the Association of the Bar of the City of New York and National Legal Aid and Defender Association (1959), page 60; Beaney, Right to Counsel Before Arraignment, 45 Minnesota Law Review (1961), 771. See *Wyatt v. Wolf* (Okla. Crim. 1958), 324 Pac. (2d) 548; *Application of Gillette* (Okla. Crim. 1960), 349 Pac. (2d) 769. At a preliminary hearing the prosecution is generally represented by the district attorney and it is often desirable for the defendant to be so represented. A preliminary hearing is to determine probable cause for denying the accused his right to liberty and it is important that at that determination the defendant's right to freedom is fairly represented.

But we think a most compelling ground of public policy is the prevention of the possibility of the violation of constitutional right of a fair trial occurring at the trial itself. Up to the present, the United States supreme court has not decided that failure to appoint counsel at a preliminary hearing is a violation *per se* of the due-process clause. The "fair trial" rule considers the lack of counsel as only one pertinent element in determining whether a trial was unfair, but its retrospective approach does not require counsel to be initially appointed. In *Crooker v. California* (1958), 357 U. S. 433, 439, 78 Sup. Ct. 1287, 2 L. Ed. (2d) 1448, the court said:

"Under these principles, state refusal of a request to engage counsel violates due process not only if the accused is deprived of counsel at trial on the merits, *Chandler v. Fretag, supra,* but also if he is deprived of counsel for any part of the pretrial proceedings, provided that he is so prejudiced thereby as to infect his subsequent trial with an absence of 'that fundamental fairness essential to the very concept of justice.' "

The concept of the critical stage when the appointment of counsel should have been made as developed in *Hamilton v. Alabama* (1961), 368 U. S. 52, 82 Sup. Ct. 157, 7 L. Ed. (2d) 114, and in *White v. Maryland* (1963), 373 U. S. 59, 83 Sup. Ct. 1050, 10 L. Ed. (2d) 193, appears to depend not *per se* on the absence of counsel prior to trial but on whether there was some occurrence or omission which subsequently affected the fairness of the trial and which occurrence or omission presumably would have been avoided if the accused had been represented by counsel. In *Hamilton* the arraignment was held to be a critical stage because under Alabama state law certain pleas were required to be made at that time or they were waived. In *White* the indigent entered a plea of guilty at a preliminary hearing although not required to do so and such plea was later admitted in evidence against him.

The cases since *Hamilton* and *White* have continued to find a violation of due process only in situations where actual prejudice resulted. *Latham v. Crouse* (10th Cir. 1963), 320 Fed. (2d) 120; *United States v. Reincke* (2d Cir. 1964), 333 Fed. (2d) 608; *State v. Sullivan* (10th Cir. 1955), 227 Fed. (2d) 511; *DeToro v. Pepersack* (4th Cir. 1964), 332 Fed. (2d) 341; *Commonwealth ex rel. Maisenhelder v. Rundle* (1964), 414 Pa. 11, 198 Atl. (2d) 565; *Sanders v. Cox* (1964), 74 N. M. 525, 395 Pac. (2d) 353; *Headen v. United States* (C. A. D. C. 1963), 317 Fed. (2d) 145. However, it must be recognized that the appointment of counsel at the preliminary hearing examination would tend to insure fairness at the trial stage and to avoid the type of situation which led to a reversal in *White v. Maryland, supra.*

This holding that the indigent accused is entitled to representation at public expense at a preliminary hearing is made prospective only and any violation thereof is subject to the harmless-error rule. *Pulaski v. State* (1964), 24 Wis.

(2d) 450, 129 N. W. (2d) 204. In the instant case no claim of prejudice is made; reversal is urged solely because the denial of counsel was *per se* a violation of a claimed constitutional right to counsel. But the question of a constitutional right to counsel we expressly reserve for future consideration. In addition Mr. Justice WILKIE and the writer would reach the constitutional question on this record and hold that the indigent accused has a constitutional right to appointed counsel at a preliminary hearing on the grounds: (1) Such hearing is a necessary part of "in all criminal prosecutions" under sec. 7, art. I of the Wisconsin constitution, (2) to insure a fair trial under the due-process clause of the Fourteenth amendment of the United States constitution, and (3) because an accused has a statutory right to retained counsel at a preliminary hearing, an accused who is indigent is entitled to appointed counsel under the equal-protection clause of the Fourteenth amendment.

*By the Court.*—Judgment affirmed.