WOLKE, Sheriff, Plaintiff in error, v. RUDD, Defendant in error.

*October 7—November 1, 1966.*

For the plaintiff in error the cause was argued by *Robert E. Sutton*, assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette*, attorney general, and *Hugh R. O'Connell*, district attorney.

For the defendant in error there was a brief by *James M. Shellow* and *Shellow, Shellow & Coffey*, all of Milwaukee, and oral argument by *James M. Shellow*.

HEFFERNAN, J. A cursory glance at the record indicates considerable delay in bringing the prisoner to the stage of preliminary examination. After twenty-seven days of incarceration, he still had not been brought before a magistrate for that purpose—this despite the admonitions of sec. 954.08, Stats., that it shall be held "as soon as may be" and the limitation of sec. 954.05 that the hearing cannot be adjourned for more than ten days at any one time without the consent of the defendant.

The defendant was jailed for eleven days before counsel was appointed. While we concur with the petitioner's counsel that such delay is regrettable and should be avoided in a properly administered system of justice, nevertheless, we are not convinced that there was a deprivation of right that assumes constitutional proportions.

In *Sparkman v. State* (1965), 27 Wis. (2d) 92, 133 N. W. (2d) 776, we determined that an indigent was entitled to counsel at a preliminary hearing only as a matter of public policy, and that prospective failure to conform to that policy would be subject to the harmless-error rule. Only two members of this court are on record in *Sparkman* as believing that there is a constitutional requirement for counsel even at the preliminary examination. It is generally agreed that in the absence of some unusual circumstances, or the *Escobedo-Miranda* interrogation situation, that counsel is not a constitutional requisite until such time that appointment is necessary for proper representation at arraignment. Counsel in this case insists that the constitutional requirement of equal protection of the laws as guaranteed by the Fourteenth amendment requires counsel at a time when the facts that may be relevant to the accused's defense are fresh in his mind. Counsel does not argue that this constitutes a denial of due process under the terms of *Gideon, Escobedo,* and *Miranda,* and we are referred to no cases that would make them applicable to the present situation. Neither does he base his objection on a contention that the initial appearance, involving as it does the setting of bail and the decision whether preliminary examination should be waived, was a "critical stage" in the criminal process requiring counsel. Rather, he bases his claim upon the fact that Rudd was denied equal protection of the laws.

Counsel contends that sec. 957.26, Stats., compels the appointment of counsel immediately upon a defendant's

appearance before a magistrate in 71 counties of Wisconsin, while in Milwaukee he must first be transferred to the circuit court. It is apparent from the reading of the statute that the appointment of counsel is handled in a different way in Milwaukee for the reason that county courts in Milwaukee, as the result of sec. 253.12, do not have unlimited criminal jurisdiction. The legislature has determined that appointment of counsel shall only be made by a court having jurisdiction to try the case. Admitting that there is a difference in Milwaukee procedure, *vis-a-vis* that of the rest of the state, does this fact *per se* evince a violation of the equal-protection clause? At the very outset, the defendant has failed to show that in fact there is a discrimination that unfairly denies Milwaukee felony defendants the same treatment that is given alleged felons charged elsewhere in the state. The record is devoid of any evidence showing *when* counsel is appointed elsewhere. It is sheer speculation for appellant's counsel or for the trial court to assume that counsel is appointed "immediately" in other counties. Sec. 957.26 simply provides *which* judge shall make the appointment; it does not say *when* the appointment is to be made, except that it shall be made before the preliminary examination and plea, as in fact was done here. The trial judge took notice of the rules under which the Milwaukee court operated, but there was no evidence presented to him of the rules under which any of the other 71 counties operated. The statute provides: ". . . The judges of courts of record in each county shall establish as rules of court, procedures for appointment of counsel in that county . . . ." What these rules say or what the practice may be in other counties is not revealed by the record.

There is not an iota of evidence in the record to show that defendant was, in fact, treated differently than defendants elsewhere, or that he was treated differently than similarly situated defendants in Milwaukee county.

While the delay was great, the face of the record reveals reasons for some of the delay. The petitioner had another case pending for which he was on probation, and on the face of it the rule that the defendant be brought before the judge that heard the earlier case has much to commend it. In addition, after counsel was appointed, he determined that he might have a conflict of interest. This necessitated another appearance.

Since there has been no evidence of record that is indicative of any discrimination in the classification of the statute or in its application to the defendant, we need not reach the question of whether a loss of memory occasioned by a discriminatory delay was prejudicial or whether the affirmance of the discharge of the prisoner on the grounds alleged would warrant an order prohibiting further prosecution.

There is no merit to the argument that the record shows a denial of equal protection. As was said by the United States supreme court in *Beck v. Washington* (1962), 369 U. S. 541, 558, 82 Sup. Ct. 955, 8 L. Ed. (2d) 98, Mr. Justice CLARK speaking for the majority and quoting with approval from *United States ex rel. Darcy v. Handy* (1956), 351 U. S. 454, 462, 76 Sup. Ct. 965, 100 L. Ed. 1331:

" 'While this Court stands ready to correct violations of constitutional rights, it also holds that "it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality." ' "

*By the Court.*—Order reversed, with directions that the petition for *habeas corpus* be dismissed.