**David L. TRODGLEN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 3, 1968.

David L. Trodglen, pro se, Sam G. McNamara, Hazelrigg & Cox, Frankfort, for appellant.

John Breckinridge, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

David L. Trodglen appeals from the order denying him post-conviction relief after a hearing upon his RCr 11.42 motion. An able brief in his behalf has been filed by counsel appointed by this court to represent him on appeal.

The bases of the motion and appeal are (1) that no counsel was appointed for appellant at the time of his examining trial, and (2) the consolidation of four indictments to be tried together was a denial of due process.

■ Counsel for appellant recognizes that our decisions in Carson v. Commonwealth, Ky., 382 S.W.2d 85, cert. den., 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825; and Commonwealth v. Watkins, Ky., 398 S.W.2d 698, adversely dispose of the first point raised on appeal. We are urged to recant from those decisions, but we are not disposed to do so. Our attention is directed to Sparkman v. State, 27 Wis.2d 92, 133 N.W.2d 776, in which the Supreme Court of Wisconsin wrote in part: "However, on grounds of public policy we adopt a rule for prospective application only that an indigent is entitled to appointed counsel at or prior to a preliminary hearing unless intelligently waived." Id. 133 N.W.2d 779. The Wisconsin court pointed out, however, that the announced prospective rule was subject to the "harmless error" rule. This comports with the policy adopted by this court, and we find that there was no prejudice arising from the fact that no counsel was appointed for appellant at the time of his preliminary hearing. In light of this, the failure to appoint counsel for him on that occasion was harmless error and no basis for relief under RCr 11.42. See RCr 9.24.

■ Appellant was indicted for four separate offenses: (1) uttering a worthless check; (2) uttering a forged instrument; (3) uttering a forged check; and (4) uttering a forged instrument. The trial court consolidated the indictments and tried appellant on all four of them in one trial. Appellant contends that this action was so prejudicial to his rights as to amount to a denial of due process. Appellant recognizes that RCr 9.12 permits consolidated trial of two or more indictments or informations provided the offenses, and the defendants, if more than one, could have been joined in a single indictment or information. RCr 6.18 deals with the matter of when two or more offenses may be charged in the same information or indictment and in general provides that this may be done "* * * if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan." It seems clear that the offenses charged and consolidated fell within the purview of RCr 6.18 and were properly consolidated under RCr 9.12, but we need not reach that question. It is apparent that if there was error in the consolidation of the indictments for trial it was reviewable upon appeal and was not of the magnitude to warrant a conclusion that due process was denied. It simply does not rise to a constitutional level.

The appellant has made abortive efforts to appeal as is disclosed by Trodglen v. Judge, Daviess Circuit Court, Ky., 371 S.W.2d 40, and Trodglen v. Griffith, Ky., 372 S.W.2d 795. Nevertheless, no appeal on the merits of the original trial has ever

been perfected, and we do not have before us the claimed error in consolidation, except as it is presented in the post-conviction proceeding. We hold that such an error is not a basis for post-conviction relief.

The judgment is affirmed.

All concur.