**Dalton SATTERLY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 2, 1969.

Dalton Satterly, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

On January 20, 1960, Dalton Satterly was indicted for wilful murder to which charge he pleaded not guilty. On trial, at which he was represented by counsel, he was found guilty of voluntary manslaughter and on May 5, 1960, sentenced to serve 15 years in the penitentiary. He did not appeal but on January 13, 1967, under RCr 11.42 he petitioned for a release claiming that there had been a clerical misprision in his commitment papers. The trial court denied the relief from which judgment Satterly did not appeal.

On November 5, 1968, Satterly again sought relief under RCr 11.42. His petition was overruled without a hearing, from which judgment he has now appealed.

■ Satterly contends that the indictment was not signed by the foreman of the grand jury. There is no merit whatsoever in this contention as the record clearly shows that the foreman of the grand jury signed the indictment. Cf. Harris v. Com., Ky., 441 S.W.2d 143 (1969) and cases cited therein.

■ Satterly also charges that he was not afforded counsel at his preliminary hearing and that this violated rights guaranteed to him by the Sixth Amendment to the Constitution. He relies on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). In Trodglen v. Com., Ky., 427 S.W.2d 577 (1968), we held that failure to appoint counsel at a preliminary hearing was a harmless error. Furthermore, Satterly's petition contains no allegation, nor does he contend in his brief, that the testimony he alleges he was compelled to give at the preliminary hearing was used against him at his trial. No prejudice is shown, therefore, his conviction is not invalid. See Little v. Com., Ky., 438 S.W.2d 527 (1968).

■ This is Satterly's second attempt to vacate the conviction. We have held that a prisoner is not entitled to institute a second assault upon the judgment of conviction. Caudill v. Com., Ky., 408 S.W.2d 182 (1966); Odewahn v. Com., Ky., 407 S.W.2d 137 (1966); Tipton v. Com., Ky., 398 S.W. 2d 493 (1966). Also see Gray v. Wingo, Ky., 423 S.W.2d 517 (1968).

The judgment is affirmed.

All concur.