The State vs. Wentler.

THE STATE vs. WENTLER.

*February 4 — February 25, 1890.*

CRIMINAL LAW AND PRACTICE. *(1) Offenses against females: Amendment of statute: Uncertainty. (2) Report of case to supreme court: Information charging no offense. (3, 4) Attorneys: Appointment: Compensation.*

1. The attempted amendment of sec. 4382, R. S., by ch. 193, Laws of 1887 (providing that "any person who shall unlawfully and carnally know and abuse any female child under the age of fourteen years, shall be punished by imprisonment in the state prison during his natural life"), is *held* void because of the uncertainty and confusion arising therefrom when considered in connection with

The State vs. Wentler.

the laws relating to fornication, adultery, seduction, rape, and incest.

2. If, in a case reported to this court under sec. 4721, R. S., it does not appear that the defendant has been tried and convicted upon an information or indictment charging some offense punishable under the laws of this state, the court should so decide and decline to answer the questions submitted.

3. The appointment by the trial court of an attorney to defend a person charged with any offense, is sufficient authority for the attorney to represent the accused in this court when the case is reported under sec. 4721, R. S.

4. Under sec. 4713, R. S., where the attorney appointed to defend the accused has performed services in the supreme court, it is the duty of the court in which the prosecution originated, on application to the court and notice thereof to the district attorney, and on due proof of the services, to certify to a reasonable compensation therefor. [Whether the county board may allow and pay for such services without the certificate of the circuit court, not determined.]

REPORTED from the Circuit Court for *Walworth* County. The facts are stated in the opinion.

·The *Attorney General* and *L. K. Luse*, Assistant Attorney General, for the plaintiff.

For the defendant there was a brief by *J. F. Lyon & Son*, and oral argument by *Mr. J. F. Lyon.*

The following opinion was filed February 25, 1890:

TAYLOR, J.  In this case the defendant was tried and found guilty upon an information charging him with having unlawfully and carnally known and abused one Margaret Wentler, a female child under the age of fourteen years, on the 19th of July, 1888, in the county of Walworth. On the trial it appeared that at the time the offense was proven to have been committed the said Margaret Wentler was about thirteen years old; and it also appeared that the defendant was the father of said Margaret Wentler, and inferentially that the defendant was also a married man. After the verdict, and with the consent of the defendant,

the learned circuit judge determined to submit, and did submit, to this court, the following questions of law arising on said trial for decision: "(1) Did the circuit court err in receiving evidence of improper advances and sexual intercourse with the complaining witness prior to July 19, 1888? (2) Did the circuit court err in charging the jury that it was immaterial whether or not the complaining witness had arrived at the age of puberty? (3) Did the circuit court err in refusing to grant the motion for a new trial based upon the alleged misconduct of the bailiff in charge of the jury?"

While under the letter of the law this court might restrict itself to answering the specific questions submitted to it, still, when it is clear that the answering of such questions will be of no benefit to the state or the defendant, and when it further appears that the defendant ought not to be convicted at all upon the information filed against him, we consider it our duty to say so. We think the meaning of the law is that, in order to call upon this court to answer questions of law submitted by the trial court under the statute (sec. 4721, R. S.), it must appear upon the record submitted to this court that the defendant has been tried and convicted upon an information or indictment which charges some crime or offense punishable under the laws of this state, and that when that does not appear this court should so decide and decline to answer the questions submitted. The information upon which the defendant was convicted charges the defendant with no crime, unless it be the crime described in sec. 4382, R. S., as amended by ch. 193, Laws of 1887. It is clear, we think, that it does not sufficiently charge fornication, adultery, seduction, or incest, nor forcible ravishment, and it can only be sustained as charging any crime on the hypothesis that ch. 193, Laws of 1887, which attempted to amend sec. 4382, R. S., was, at the time the offense was alleged to have been committed, a

valid law of this state.   After as careful a consideration of
that enactment as we have been able to give the subject,
we have concluded that ch. 193, Laws of 1887, must be held
void by reason of the uncertainty and confusion in which
it would involve the administration of the criminal laws of
the state if held a valid law.   Some of the reasons for so
holding are the following:

Previously to the enactment of ch. 193, Laws of 1887,
and from the time of the organization of the territorial
government down to that date, the law in regard to rape
had been unchanged, and was as prescribed by secs. 4381,
4382, R. S. 1878.   In 1882 the legislature commenced chang-
ing the laws of the state in relation to sexual intercourse,
and enacted ch. 73, Laws of 1882, changing the law in re-
gard to fornication.   That legislature also enacted ch. 282,
Laws of 1882.   In 1887, ch. 214, Laws of 1887, was enacted,
punishing the abduction of females for purposes of prosti-
tution, and ch. 193, Laws of 1887, was also enacted, at-
tempting to amend sec. 4382, R. S. 1878; and in 1889 the
legislature enacted ch. 368, Laws of 1889, amending secs.
4381, 4382, R. S. 1878, and, by chapters 396 and 420, amended
ch. 214, Laws of 1887.

At the time when the offense charged in the information
was committed, in July, 1888, the following statutes had
been enacted, and were unrepealed: Secs. 4381, 4382, R. S.,
amended by ch. 193, Laws of 1887; sec. 4580, R. S., as
amended by ch. 73, Laws of 1882, relating to the crime
of fornication; sec. 4576, R. S., relating to the crime of
adultery; sec. 4582, relating to the crime of incest; and
sec. 4581, R. S., in regard to seduction.

Sec. 4382, R. S., as amended by ch. 193, Laws of 1887,
declares that "any person who shall unlawfully and car-
nally know and abuse any female child under the age of
fourteen years, shall be punished by imprisonment in the
state prison during his natural life."   Sec. 4381, R. S., de-

The State vs. Wentler.

clares that "any person who shall ravish and carnally know any female of the age of ten years or more, by force and against her will, shall be punished by imprisonment in the state prison not more than thirty years nor less than ten years, but, if the female shall be proven on the trial to have been, at the time of the offense, a common prostitute, . . . . not more than seven years nor less than one year." Sec. 4580, R. S., as amended by ch. 73, Laws of 1882, declares that "in case any man shall commit fornication with a female of previous chaste character under the age of fifteen years, he shall, upon conviction thereof, be punished by imprisonment in the state prison not more than four years or by fine not exceeding five hundred dollars, or both, in the discretion of the court." Sec. 4576, R. S., declares that "any person who shall commit the crime of adultery shall be punished by imprisonment in the state prison not more than three years nor less than one year, or by fine not exceeding one thousand dollars, nor less than two hundred dollars." Sec. 4581, R. S., declares that the seduction of a previously chaste female shall be punished by imprisonment in the state prison not more than five years nor less than one year, or by imprisonment in the county jail not more than one year. Sec. 4582, R. S., declares that any person committing the crime of incest shall be punished by imprisonment in the state prison not more than ten nor less than two years.

Ch. 282, Laws of 1882, and ch. 214, Laws of 1887, were also in force; but these acts relate to the abduction of females for the purpose of prostitution, and for punishing those who aid or assist in such abduction.

If all these laws are to stand as in full force, then it must be claimed by the state that incest, fornication, adultery, and seduction, when committed with a female under fourteen years of age, may be proceeded against under sec. 4382 as amended by ch. 193, Laws of 1887, and may be punished

by imprisonment for life; and if the same construction must be given to sec. 4382, as amended, as was given to sec. 4382 before it was amended, ravishment by force, as well as without force, of a female under fourteen years, must be punished by imprisonment for life, notwithstanding sec. 4381 provides for the punishment of ravishment by force of any female over ten years of age, and prescribes a less punishment. By an examination of the amendment of sec. 4382 by ch. 193, Laws of 1887, it will be seen that no attempt is made to amend any of the then existing laws as to adultery, fornication, incest, seduction, or of ravishment by force, nor is there any repealing section or clause to such amendatory act. We are not prepared to hold that fornication, adultery, seduction, or incest cannot be committed with a female under the age of fourteen years. Admitting that these crimes can only be committed with a female who has arrived at the age of puberty, it may be said to be a matter of common knowledge that many females arrive at that age before they are fourteen years old. Nor can we see our way clearly for holding that the amendment of sec. 4382, in 1887, was in itself a declaration by the legislature that thereafter the crimes of fornication, adultery, seduction, and incest could not be committed with females under the age of fourteen years; and it seems to us that we would be compelled to give the amendment that construction in order to make it consistent with the laws punishing these different crimes. We cannot believe that the legislature, if it had the power to do so, intended to give the prosecuting attorney the right, in his discretion, to punish one man for the crime of fornication, another for adultery, another for incest, another for seduction, and another under sec. 4382 as amended, when the facts in each case would make each of the defendants guilty of the crime described in and punished by the amended sec. 4382, as well as of the specific offense with which he was charged

in the information.   To have made the amendment of 1887
consistent with the laws on the subject of adultery, forni-
cation, seduction, and incest, it should have provided that
these crimes could only be committed with a female over
the age of fourteen years.

These crimes, it is true, can only be committed with the
consent of the parties committing them.   See *People v.
Jenness*, 5 Mich. 305, 321; *De Groat v. People*, 39 Mich. 124,
125; *People v. Harriden*, 1 Parker Crim. R. 344; *Croghan
v. State*, 22 Wis. 444.   But it is also true that a female under
the age of fourteen may consent to the commission of either
of said crimes.   Under the law as it stood before it was
amended, punishing the ravishment of a child under the
age of ten years, there was no confusion of that offense
with the offenses of fornication, adultery, seduction, or in-
cest, as it was a well-understood rule of the common law
that a child under the age of ten years was incapable of
consenting to the act of sexual intercourse which consti-
tutes the crimes above mentioned.   4 Bl. Comm. 212; *Fizell
v. State*, 25 Wis. 364, 368; *State v. Erickson*, 45 Wis. 86, 90.

It is clear to us that under sec. 4382, as amended in 1887,
the offense punishable under the provision of the section is
established when it is satisfactorily proven that the person
charged with such offense has in fact had sexual intercourse
with the female named in the information, and that she
was under the age of fourteen years; and the means used
for the purpose of accomplishing such intercourse are wholly
immaterial.   It may be brought about by persuasion, force,
or fraud.   Still the offense has been committed if the inter-
course takes place, and it is as clearly applicable to a case
of fornication, adultery, seduction, or incest as it is to a
case of ravishment by force or fraud.   As said above, we
cannot believe it was the intention of the legislature to
make such a radical change in the laws of the state; and,
if that was intended by the legislature, then it has failed

to give expression to such intention in such manner as would justify the courts in so construing it, when such construction introduces such uncertainty and confusion in the administration of the criminal laws of this state. That the legislature failed to give any clear expression of the purpose of the amendment is also made manifest by the fact that no change was made or attempted to be made in sec. 4381, R. S., which provides for the punishment of any person who ravishes and has carnal connection with a female over ten years old by force and against her will. The punishment of this offense is much less than the punishment under the amended sec. 4382, and, as to the ravishment of a female over ten years and under fourteen comes in conflict with the amended sec. 4382. Sec. 4381 mitigates the punishment, even for forcible ravishment, when the female is a common prostitute, but the amended section makes no mitigation for that cause; and, although a female under fourteen years of age might be a common prostitute, still, under sec. 4382 as amended, the having sexual intercourse with her would subject the accused to imprisonment for life.

We cannot believe the legislature intended any such result by this amendment. In view of the uncertainty and confusion which the attempted amendment of 1887 to said sec. 4382, R. S., would bring upon the execution of the criminal laws of the state, and the insuperable difficulty of determining, with any degree of certainty, what acts must be held to come within the provisions of the amended section, we are constrained to hold that public justice and a proper administration of the criminal laws of the state require us to hold that the amendment is void for uncertainty (*Norton v. Reed*, 6 Wis. 522), and that sec. 4382 of the Revised Statutes was not altered or changed by the enactment of ch. 193, Laws of 1887. In our opinion, the attempted amendment fails entirely in accomplishing any reasonable

The State vs. Wentler.

purpose which the legislature may have intended to accomplish by its enactment, and the act might perhaps be declared void on that ground. We, however, prefer to place our decision as to its invalidity upon the ground above stated, viz., that it is impossible to make its provisions applicable to any certain state of facts which are by the amendment declared criminal, and punishable by its provisions, when considered in connection with the other criminal laws of the state. To enforce the section as amended, according to its letter, in view of the other legislation of the state on kindred subjects, would not only be in direct conflict with what must have been the intent of the legislature, but would be, in our opinion, an outrage upon justice. To enact that a person who has had sexual intercourse with a common prostitute shall be imprisoned for life, might, perhaps be held to be a violation of sec. 6, art. I, of the constitution, which forbids the infliction of cruel and unusual punishment. In the case at bar, the defendant, if guilty at all, was guilty of incest, and should have been proceeded against for that crime. Or, if the state considered there was sufficient proof of ravishment by force, he might have been proceeded against for that crime, since that crime is in no way consistent with the crime of incest, as incest presupposes consent of both parties.

*By the Court.*— The questions submitted will be returned to the circuit court unanswered, and that court is advised to discharge the defendant.

COLE, C. J., dissents.

The following opinion was filed May 20, 1890:

BY THE COURT. The defendant was tried for a criminal offense in the circuit court of Walworth county, and convicted. The trial court thereupon certified certain questions of law to this court for determination, pursuant to the

statute. R. S. sec. 4721. J. F. Lyon, Esq., was duly appointed by the circuit court to defend the accused, and argued the questions so certified in this court. He now moves this court to certify to a reasonable compensation for his services therein, founding his motion upon sec. 4713, R. S. The section is as follows: " Whenever, in a criminal action or proceeding, any attorney or counselor shall defend the person charged with any offense, by order of the court on the ground that the accused is destitute of the means to employ counsel, the county in which such criminal action or proceeding may arise or shall be pending shall only be liable to pay such attorney or counselor for his services such sum as the court in which such services shall be performed shall, by an order to be entered in the minutes thereof, certify to be a reasonable compensation therefor, and which sum shall in no case exceed fifteen dollars per day for each day actually occupied in such trial or proceeding."

It was said in *State v. Williamson*, 72 Wis. 61, that the practice which had been pursued by this court in a few instances of appointing counsel to prosecute writs of error, had long been abandoned, and it was held that the appointment of an attorney by the trial court to defend the accused was sufficient authority for such attorney to prosecute a writ of error here. The same rule is applicable when questions of law are certified to this court.

The case of *Dickerson v. The State*, 48 Wis. 288, which came here in 1879 on writ of error, is one of the cases in which counsel was appointed by this court to prosecute the writ. After the case was disposed of, the counsel thus appointed, A. Hyatt Smith, Esq., applied to this court to certify to his reasonable compensation for his services. The application was denied, but no opinion was filed. We denied the application on the ground that the statute above quoted referred to the court in which the prosecution was commenced, and the trial court in case of a change of

venue, and charged upon those courts alone the duty of certifying to the reasonable compensation of the attorney. This decision has been followed in a few cases since. But in none of these cases was the procedure indicated by which the attorney could obtain compensation for his services in this court.

After due consideration of the whole subject we adhere to the above construction of sec. 4713. We are also of the opinion that, in this and like cases, it is the duty of the court in which the prosecution originated, on application to the court and notice thereof to the district attorney, and on due proof of the services rendered in this court, to certify to a reasonable compensation for such services. The amount so certified is a proper county charge.

We do not here determine whether the county board of supervisors may or may not allow and pay for such services, within the statutory limit of $15 per day, without the certificate of the circuit court.

The motion is denied without costs.