## THE STATE vs. SEILER.

*March 3 — March 20, 1900.*

*Criminal law and practice: Fornication: Validity of statute: Discretion as to offense: " Man " defined: Evidence: Previous chaste character: Corroboration.*

1. Sec. 4580, Stats. 1898, as amended by ch. 99, Laws of 1899 (providing, first, that if any man commits fornication with a sane female over the age of fourteen each shall be punished by imprisonment in the county jail, etc.; and, second, that if any man commits fornication with a sane female of previous chaste character under the age of eighteen years, he shall be punished by imprisonment in the state prison, etc.), is a valid enactment so far as it provides a punishment for the latter offense; and the fact that it leaves some discretion in the prosecuting officer in some cases whether to prosecute under one clause or the other does not affect its validity. *State v. Wentler*, 76 Wis. 89, distinguished.

2. The word " man," as used in said statutes, is not limited to male persons over twenty-one years of age, but includes male persons who have arrived at the age of puberty, or are capable of committing fornication.

3. An information contained two counts,— the first charging rape and the second fornication with a sane female of previous chaste char-

The State vs. Seiler.

acter under eighteen years of age. The prosecutrix was between
fifteen and sixteen years of age, and testified to an atrocious attack
upon her.  Her testimony that she was of previous chaste charac-
ter was uncorroborated.  The defendant admitted the intercourse,
but claimed that it was with her consent.  At the close of the tes-
timony the district attorney withdrew the charge of rape, and the
jury found the defendant guilty on the second count.  *Held*, that,
although this finding negatived the use of force and thus tended
to discredit the testimony of the prosecutrix, yet her testimony as
to previous chaste character was still in the case and might sup-
port the verdict.

4. In a prosecution for fornication with a sane female of previous chaste
character under the age of eighteen years, corroboration of her tes-
timony as to chastity is not required in order to sustain a convic-
tion.

REPORTED from the circuit court for Dunn county: E. W.
HELMS, Circuit Judge.  *Questions answered in the affirma-*
*tive.*

For the plaintiff there was a brief by the *Attorney General,*
and oral argument by *C. E. Buell,* first assistant attorney
general.

For the defendant there was a brief by *E. B. & R. E.*
*Bundy,* and oral argument by *R. E. Bundy.*

BARDEEN, J.  The information contains two counts.  The
first charges the defendant with the crime of rape; the sec-
ond, with having committed fornication with a female of
the age of fifteen years, of previous chaste character.  Upon
the trial the complaining witness testified that defendant
assaulted her, choked her into insensibility, and then accom-
plished his purpose.  The defendant admitted the sexual
act, but swore that it was with her consent.  The com-
plaining witness was between fifteen and sixteen years of
age, and the defendant between twenty and twenty-one.
At the close of the testimony the district attorney with-
drew the charge of rape.  The court charged the jury that
there was no evidence of the complainant's previous chaste

character, except her own.   The verdict was, " Guilty as charged in the second count."   At the request of defendant, the trial court has reported the case to this court, under sec. 4721, Stats. 1898, upon the following questions: " First. Is section 4580 of the Revised Statutes, as amended by chapter 99 of the Laws of 1899, a valid enactment so far as it provides a punishment for fornication with a sane female of previous chaste character under the age of eighteen years? Second.   Can a male person not twenty-one years old be convicted, under said section as amended, of the charge of fornication with a sane female of previous chaste character under the age of eighteen years, as charged in said second count?   Third.  Is the unsupported testimony of the female with whom the offense is alleged to have been committed, given under the circumstances above set forth, sufficient to justify the finding of a jury that she was, at the time the offense is alleged to have been committed, of previous chaste character? "

1. The defendant argues that the statute in question is invalid, because the same act is declared by it to be both a felony and a misdemeanor, and it is within the discretion of the district attorney to say under which clause the offending party shall be prosecuted.   The first clause of the law reads as follows:  " Any man who commits fornication with a sane female, over the age of fourteen years, each of them shall be punished by imprisonment in the county jail, not more than six months, or by a fine not exceeding one hundred dollars."   This clause was not changed by the amendment of 1899.   The second clause was amended by changing the word " fourteen " to " eighteen," so that it now reads as follows:  " Any man who commits fornication with a sane female of previous chaste character under the age of eighteen years, shall be punished by imprisonment in the state prison not more than four years, or by fine not exceeding five hundred dollars, or by both fine and imprisonment."   The argu-

ment is that a man may commit the act with a female between the age of fourteen and eighteen years, and the district attorney, by using or omitting to use the words " of previous chaste character," may prosecute for a felony or a misdemeanor as he pleases, and hence the law is invalid, under the case of *State v. Wentler*, 76 Wis. 89. That case has a very remote application to the facts here presented. The law there under consideration was held invalid because of the uncertainty and confusion in which it would involve the administration of the criminal laws of the state, if held valid. No such result is here involved. The statute is plain and unambiguous. It leads to no such confusion or uncertainty as there suggested. The only possible objection is that it leaves some discretion in the prosecuting officer, in determining whether he shall, in certain cases, bring his prosecution under the one or the other of these clauses. It may be unwise to so frame laws that any such result will follow, but does that fact make the act an invalid law? In the administration of criminal laws the officer in charge of prosecutions is frequently called upon to decide which of two offenses he believes has been committed. The same act under one set of circumstances may call for one penalty, and under different circumstances for another. The intent very frequently increases the grade of the offense. In all such cases the officer charged with the duty of enforcing penal laws is called upon to determine the grade of the crime committed, and to institute the proper prosecution. No system of criminal jurisprudence can be devised that will relieve him entirely from the exercise of some discretion. There are many statutes which call for its exercise, but it is unnecessary to review them at length. According to legislative conception, it was a graver offense for a man to commit fornication with a female of previous chaste character than it was to commit the same act with one whose chastity was questionable. The severity of punishment rests entirely with the

trial court, after guilt has been established. When the pre-
vious chastity of the female is set forth and proven, the
transgressing male must face the penalty prescribed, if the
female is under eighteen. The fact that he *might* have been
prosecuted under the first clause of the law is not sufficient
reason for holding the whole statute, or any part of it, in-
valid.

2. The defendant's contention as regards the second ques-
tion arises in regard to the use of the word " man " in the
statute. The argument is that the word " man " means a
male adult, as distinguished from a woman or a boy. Un-
doubtedly, this is the usual definition given by the lexi-
cographers. The defendant carries the argument farther,
however, and claims that the word " adult " means a man of
full age. Hence the conclusion is that the use of the word
" man," in the statute, must be limited to a male person over
the age of twenty-one years, and the defendant, lacking a
few months of that age, cannot be held liable for the offense
charged. In determining the intention of the legislature in
the use of this word, it is proper to ascertain the spirit of
the act, and the mischief or vice aimed at. No one can
doubt but that the object of the legislature was to prevent
the illicit intercourse of the sexes, and the consequent evils.
In law, the word " man " frequently has a broader and more
comprehensive meaning than usually given in the diction-
aries. Much depends upon the context and the object sought
to be attained. In some of its uses, it is construed to mean
" all human beings, or any human being, whether male or
female." And. Law Dict. Another law writer says: " Man
is a human being; a person of the male sex; a male of the
human species above the age of puberty." Bouvier. " A
human being of the male sex who has arrived at the age of
puberty." Rapalje & Lawrence. In *Kenyon v. People*, 26
N. Y. 211, construing the statute in regard to seduction,
which says, " any man who shall, under promise of marriage,

seduce," etc., Judge BALCOM says: " The prisoner's counsel in-
sisted on the trial and in the supreme court, and has argued
here, that the word 'man,' as used in the statute referred to,
means a male person twenty-one years of age.   This is too
technical and limited a meaning to be applied to the word,
in the connection wherein it is used.   It has a broader and
a more comprehensive signification.   The apparent spirit of
the act, and the mischief or vice aimed at by the legislature,
clearly show that the word 'man,' as used in the statute,
means a male person who has arrived at the age of puberty,
or is capable of committing rape."   The language is directly
applicable to the statute in question, and we adopt the con-
clusion stated, as the only one the legislature could have
had in view when it was enacted.   There is quite as good
reason for curbing the impetuosity of youth as for laying
the ban upon men of maturer years.

3. The third interrogatory raises the question whether the
uncorroborated testimony of the female as to her previous
chaste character, under the circumstances stated, is sufficient
to sustain a conviction.   The girl was between fifteen and
sixteen years of age.   She had testified to an atrocious at-
tack upon her.   The defendant admitted the intercourse,
and testified that it was with her consent.   The district at-
torney for some reason withdrew the charge of rape, and
submitted the question of fornication.   Now, because the
finding of guilt negatives the use of force and implies con-
sent, it is argued that her whole story must have been false.
It certainly tended to discredit her testimony; yet her evi-
dence as to previous chaste character was still in the case,
and was a matter for the consideration of the jury.   The
jury were not permitted to pass upon the truth of her state-
ment as to the assault, except in an indirect way, and it by
no means follows that her entire testimony should be dis-
credited.   At least, it is not so palpably false as would jus-
tify the court in saying that there was no testimony to sup-

port the verdict. There is no rule of law in this state that requires her testimony to be corroborated. See *Wilcox v. State,* 102 Wis. 650. The jury saw the witness, and were in possession of all the facts and circumstances of the case. Their conclusion should stand unless we can say, as a matter of law, that it should not. Under the circumstances disclosed we do not feel justified in arriving at that conclusion.

Each of the questions submitted is answered in the affirmative.

*By the Court.*— So ordered.