APPLICATION OF BENTINE.　　[Habeas corpus.]

*September 18—November 13, 1923.*

*Rape: Uncertain and conflicting statutes: Unambiguous statutes: Enforcement: Questions for legislature: Statutory rape: Same act a crime under different statutes: Punishment: District attorneys: Discretion.*

1. The fact that sec. 48, ch. 422, Laws of 1921, providing for the punishment of a person over eighteen years of age who shall carnally know and abuse a female under the age of eighteen years, is inconsistent with ch. 404, Laws of 1921, which is identical with sec. 48 in language except that the age of the female is sixteen, and which was passed a few days before the enactment of sec. 48, does not render sec. 48 invalid, the question whether it is less deserving of approval being for the legislature and not for the courts.
2. Said sec. 48 having been enacted in conformity with the statutes and rules regulating the proceedings of the legislature, is not void because of the manner in which it was prepared or because the bill contained many other provisions on other subjects.
3. If the meaning of a statute is plain and its provisions are susceptible of but one interpretation the court must enforce it, and is not concerned with the wisdom or policy or motives prompting its enactment, that being a question for the legislature.
4. Said sec. 48, which provides a maximum punishment of thirty-five years, is not void as unjust, in view of sec. 4381, Stats. 1921, relating to forcible rape, which prescribes a maximum punishment of only thirty·years.

5. A public prosecutor is a *quasi*-judicial officer, retained by the public for the prosecution of persons accused of crime, in the exercise of a sound discretion to distinguish between the guilty and the innocent, between the certainly and the doubtfully guilty.

6. The duties of the office of district attorney, which office is a constitutional one and held as a public trust, and the incumbent being charged with grave responsibilities calling for the exercise of learning in the law and sound judgment, should be discharged vigorously, fearlessly, and fairly, and in such a manner that persons accused of crime will not be deprived of their constitutional rights; and it will not be presumed that preparatory to filing an information the decision of the district attorney will be influenced by personal bias or excessive zeal.

7. Sec. 48, ch. 422, Laws of 1921, is not unconstitutional or void in view of previous decisions of this court and the sound discretion which prosecuting officers may exercise, although it is doubtless desirable that the statutes relating to the age of consent be made more nearly uniform.

ESCHWEILER, J., dissents.

APPLICATION of *William Bentine* for a writ of *habeas corpus. Writ denied.*

*Jos. F. Studnicka* of Milwaukee, for the petitioner.

For the *State* there was a brief by the *Attorney General, George A. Shaughnessy,* district attorney of Milwaukee county, and *Roland J. Steinle,* assistant district attorney, and oral argument by *Mr. J. E. Messerschmidt,* assistant attorney general, and *Mr. Steinle.*

JONES, J. Petitioner was convicted of having carnally known and abused a female of the age of sixteen years in violation of sec. 48, ch. 422, Laws 1921, which was as follows:

"Any person over eighteen years of age who shall unlawfully and carnally know and abuse any female under the age of *eighteen* years shall be punished by imprisonment in the state prison not more than thirty-five years nor less than one year, or by fine not exceeding two hundred dollars; and any person of the age of eighteen years or under who

shall unlawfully and carnally know and abuse any female under the age of eighteen years shall be punished by imprisonment in the state prison not more than ten years nor less than one year, or by fine not exceeding two hundred dollars."

Petitioner was sentenced to serve a term of five years in the state prison. Thereafter he secured an order requiring the warden to show cause on September 18th why an application for a writ of *habeas corpus* should not be allowed.

The first claim of counsel for petitioner is that the statute under which the defendant was convicted was enacted merely as routine business without consideration of existing statutes and by mistake.

It is argued that ch. 422, Laws 1921, of which this statute is a part, was prepared by the revisor of statutes and bore the following title:

"To repeal certain sections of the statutes that have been either superseded or repealed by implication; to repeal certain sections of the statutes that are duplicates of other sections; to strike out or remove obsolete and dead matter from certain sections of the statutes; to renumber and relocate certain sections of the statutes that have been improperly classified; to correct in certain sections of the statutes mistaken references to other sections; and to correct typographical errors, misprints and other errors in certain sections of the statutes."

It is further argued that sec. 48 of the bill in question was hidden away among the last of fifty-three sections under a misleading title, and was passed by the senate and assembly on the same day that they considered another act dealing with the same subject under the misapprehension that the revisor in preparing the bill was acting within the scope of his authority and that the act included only corrective legislation.

Sec. 43.08, Stats., is relied on as tending to show that the revisor acted beyond his authority in introducing into such

a bill provisions changing in so important a manner the substantive law. The following note was added to the section as prepared by the revisor: "Bill foot-note: Correction made to harmonize it with the rest of the statutes and make it consistent."

It is argued that this indicated that the revisor was not aware of the condition of the law at that time.

A few days before the passage of the act in question the legislature had enacted a statute in the following form:

"Any person over eighteen years of age who shall unlawfully and carnally know and abuse any female under the age of sixteen years shall be punished by imprisonment in the state prison not more than thirty-five years nor less than one year, or by a fine not exceeding two hundred dollars; and any person of the age of eighteen years or under who shall unlawfully and carnally know and abuse any female under the age of *sixteen* years shall be punished by imprisonment in the state prison not more than ten years nor less than one year, or by fine not exceeding two hundred dollars." Sec. 1, ch. 404, Laws 1921.

No claim is made that the chapter, including the section first above quoted, was not passed in conformity with the statutes and rules governing legislative procedure, but we are asked to infer that, by reason of the manner in which the section was prepared and passed, the legislature had overlooked the very recent statute on the same subject which had been enacted to cure the same inconsistencies in existing statutes at which the section under consideration was aimed.

There is undoubtedly force in the argument that the first section adopted by the legislature of 1921 was better adapted to harmonize existing statutes relating to sexual crimes than the last, but the statute under which petitioner was convicted was the last word of the legislature on the subject. The legislature of 1923 had the opportunity to correct the mistake if they supposed that a mistake had been made.

The statute under consideration is unambiguous and contains no provisions inconsistent with each other. The fact that it may be inconsistent with a former statute but recently enacted is no reason for setting it aside by judicial action even if we should deem it less deserving of approval. That is a question for the legislature, not the courts.

The bill was not introduced by the revisor. He prepared it as a draftsman pursuant to his duty, and when the bill was introduced it was referred to committees and was regularly enacted as a statute. Since the section was enacted in conformity with the statute and rules regulating the proceedings of the legislature, we do not consider that we would be justified in setting it aside because of the manner in which the bill was prepared or because it contained many other provisions on other subjects.

"When a statute is plain and unambiguous in its terms and not susceptible of more than one construction, courts are not concerned with the consequences that may result therefrom, but must enforce the law as they find it. If the meaning of a statute is plain, and its provisions are susceptible of but one interpretation, its consequences, if objectionable, can only be avoided by a change of the law itself, to be effected by legislative and not judicial action; the wisdom or policy of the law, the motives that prompted its enactment, and the reasonableness or justice of its provisions cannot be taken into consideration by the courts in construing the statute." 25 Ruling Case Law, 1017; *Mellen L. Co. v. Industrial Comm.* 154 Wis. 114, 142 N. W. 187.

The statutes above quoted relate to statutory rape. Counsel for petitioner cites two other statutes, one relating to rape, the other to fornication. They are as follows:

"Any person who shall ravish and carnally know any female of the age of sixteen years or more, by force and against her will, shall be punished by imprisonment in the state prison not more than thirty years nor less than one year; but if the female shall be proven on the trial to have been, at the time of the offense, a common prostitute, he

shall be so punished not more than seven years nor less than one year." Sec. 4381, Stats.

"Any man who commits fornication with a sane single female over the age of sixteen years, each of them shall be punished by imprisonment in the county jail not more than six months or by fine not exceeding one hundred dollars, or by both such fine and imprisonment. Any man who commits fornication with a sane female of previous chaste character under the age of twenty-one years shall be punished by imprisonment in the state prison not more than four years or by fine not exceeding two hundred dollars, or by both fine and imprisonment." Sec. 4580.

Counsel for petitioner argue that the provisions of the section under consideration are absurd when compared with other sections relating to sexual crimes and that its enforcement would lead to most unjust results; for example, that one convicted of statutory rape under this section may be sentenced to state prison for thirty-five years, while one convicted of forcible rape may be sentenced for only thirty years; that forcible rape is a greater offense than statutory rape, and that the law applicable to the lesser crime is more drastic than that applicable to the greater. It is also argued that the statute could not have intended that in a given case the district attorney could elect whether he would proceed under the statute as to statutory rape, a felony, or that relating to fornication, a misdemeanor.

In the argument much reliance is placed on the case of _State v. Wentler,_ 76 Wis. 89, 44 N. W. 841, 45 N. W. 816, in which it was held that:

"The attempted amendment of sec. 4382, R. S., by ch. 193, Laws of 1887 (providing that 'any person who shall unlawfully and carnally know and abuse any female child under the age of fourteen years, shall be punished by imprisonment in the state prison during his natural life'), is held void because of the uncertainty and confusion arising therefrom when considered in connection with the laws relating to fornication, adultery, seduction, rape, and incest."

The statutes relating to sexual offenses which had been adopted up to that time were summarized and the view was expressed that the legislature could not have intended, if it had the power to do so, to give the district attorney the right in his discretion "to punish one man for the crime of fornication, another for adultery, another for incest, another for seduction, and another under sec. 4382 as amended, when the facts in each case would make each of the defendants guilty of the crime described in and punished by the amended sec. 4382, as well as of the specific offense with which he was charged in the information." *State v. Wentler, supra,* at p. 94.

In *Loose v. State,* 120 Wis. 115, 97 N. W. 526, some of the criticisms of the legislative policy made in the *Wentler Case* were withdrawn, and, as stated in the syllabus, it was held:

"The fact that a person charged with the crime of rape under sec. 4382, Stats. 1898, may instead be charged under sec. 4580 with the offense of fornication, or be charged under appropriate statutes with the crime of seduction, or incest, according to the facts, does not militate against the validity of such statutes nor the wisdom thereof, since the manifest purpose of the same is to insure adequate punishment, so far as practicable, of persons guilty of unlawful commerce with female children, avoiding the danger of their going entirely unpunished in some cases because of the severity of the penalty, or the law being endangered by the prohibition against cruel and unusual punishments,—in view of the change in the legal age of consent to fourteen years. Criticisms of the legislative policy, above indicated, made in *State v. Wentler,* 76 Wis. 89, 44 N. W. 841, 45 N. W. 816, withdrawn."

In the opinion by Mr. Justice MARSHALL it was said:

"Facing those situations, the legislature, presumably with full knowledge of all this court had said on the subject, in its own and superior wisdom has spoken intending to leave the prosecuting officer to exercise the administrative au-

thority mentioned, since this court has held that such must be the result of leaving the statutes in regard to the matter as they were in 1888. They have been so left. That authority is doubtless not unlimited. It cannot be arbitrarily exercised. The trial court must necessarily have supervisory control over it so as to prevent any manifest abuse thereof. Without the features referred to, it would still be doubtful whether sec. 4382, providing as it does for a maximum punishment of thirty-five years in the state's prison, and a minimum of five years' imprisonment, would not offend against the constitutional provision condemning cruel and unusual punishments, extended, as it is, so as to include the sexual act between a mere boy and possibly a common prostitute. In this the wisdom of retaining sec. 4580 unchanged, in connection with the amended sec. 4382, is apparent. In some instances, falling under the latter, if the charge were so laid, jurors, holding to their own ideas of duty, in extreme cases would not convict." *Loose v. State,* 120 Wis. 115, 130, 97 N. W. 526.

In that case it was contended as here that the legislature could not have intended to give the prosecuting officer arbitrary power to elect under which of the various existing statutes he would proceed, and that the statute under which the defendant was convicted was void. When that decision was rendered, as now, the maximum penalty for statutory rape was higher than for forcible rape, but the minimum penalty was five years.

It is to be observed that since that time and by the statute under consideration the minimum penalty is only a fine of $200. It does not seem to have been the view of lawmakers that forcible rape is necessarily a more detestable offense than statutory rape. By our statutes of 1839, 1849, 1858, and 1878, statutory rape was made punishable by imprisonment in the state prison during natural life, while the maximum imprisonment for forcible rape was as now, thirty years. It may seem a curious fact that the punishment for statutory rape should range from a fine of $200 to imprisonment for thirty-five years, but it is in part explained by the

changes which have been made, undoubtedly reflecting public sentiment, as to the age of consent, which by successive statutes has been fixed at ten, fourteen, sixteen, and by the statute in question at eighteen years.

It is urged by counsel for petitioner that district attorneys are administrative officers, that one who finds favor with the district attorney could be prosecuted by him for fornication, whereas another guilty of the same act might be prosecuted for rape, and that if the statute is valid it would make the inclination and disposition of the district attorney, whose zeal in prosecuting inevitably results in bias, "the palladium of the inherent personal rights of equality guaranteed by the provisions of the state and federal constitutions." This argument would have greater force if the two sexual offenses were committed under exactly the same conditions, which it is difficult to imagine.

The argument involves the further fallacy that the district attorney is purely an administrative officer.

"A public prosecutor is a *quasi*-judicial officer, retained by the public for the prosecution of persons accused of crime, in the exercise of a sound discretion to distinguish between the guilty and the innocent, between the certainly and the doubtfully guilty." *Wight v. Rindskopf,* 43 Wis. 344, 354; *Rock v. Ekern,* 162 Wis. 291, 294, 156 N. W. 197.

The office of district attorney is a constitutional office. It is held as a public trust, and the incumbent is charged with grave responsibilities calling for the exercise of learning in the law and sound judgment. The duties of the office should be discharged vigorously and without fear or favor. At the same time they should be discharged fairly; so discharged that persons accused of crime will not be deprived of their constitutional rights. Before filing the information it is the duty of the district attorney to make full examination of all the facts and circumstances connected with the case, and it is not to be presumed that his decision will be influenced by any personal bias or excessive zeal.

In view of the decision in the *Loose Case* and the sound discretion which prosecuting officers may properly exercise, we do not think that the statute should be declared unconstitutional or void as claimed by counsel, although it is doubtless desirable that the statutes relating to the age of consent should be more nearly uniform.   It follows that the application for the writ should be denied.

At the time of the trial the court, pursuant to sec. 4721, Stats., certified the case to this court, requesting that the court decide whether the section in question is a valid law. In view of the decision of the court on the application for a writ of *habeas corpus* it is not necessary to answer this question.

· *By the Court.*—The application for the writ of *habeas corpus* is denied.

CROWNHART, J., took no part.

ESCHWEILER, J. (*dissenting*).   I cannot agree with the conclusion reached by the majority on the seemingly simple question here involved: namely, Did the legislature of 1921 intend and determine to amend sec. 4382, Stats., by Bill 502 S or by sec. 48 of Bill 491 S?

Bill 502 S was definite, limited, explicit, and certain, and rectified an error of some years' standing, and by making the age of consent sixteen years in sec. 4382 harmonized that with other sections of the law as it then stood on kindred subjects.   The bill expressly referred in its title and in its body to sec. *4382* and sec. 4580*m* and no others. It was introduced in the senate May 24, 1921, from the committee on education and public welfare, referred to the senate committee on judiciary, considered by that committee and recommended unanimously for passage; and on June *1st* the rules were suspended and the bill passed.   June *10th* it was concurred in by the assembly under suspension of the rules.   It was published June *24th* as ch. 404.

Bill 491 S, introduced by the committee on judiciary of the senate on May 20th, was headed "A Bill (*by the Revisor*)," and with the blanket language in its title as quoted in the majority opinion (but not mentioning sec. *4382*) was reported for passage by that committee, no committee hearing on it having been held, on May 26th, and was passed in the senate *June 1st,* the same day that 502 S above was passed. In the assembly it was referred to the committee on judiciary, withdrawn from that committee on June 6th, referred to the calendar, and then concurred in under suspension of the rules on *June 10th,* again on the same day with 502 S. The two bills were received from the assembly in the senate on June 14th. Bill 502 S was reported to the senate as correctly enrolled and as approved by the governor on *June 20th,* published June 24th, and became ch. 404. Bill 491 S, the Revisor's bill, was enrolled *June 22d,* approved by the governor June *24th,* published June *28th,* and became ch. 422.

Notwithstanding such legislative history, it is held by the majority opinion that both houses of the legislature really *meant* to say *nay* by sec. 48 of Bill 491 S to the same amendment in sec. 1 of Bill 502 S and to which each house said *yea,* and that the governor *meant* to approve of such a radical contradiction of his approval of Bill 502 S by his approval of Bill 491 S. Yet 491 S does not mention or refer to Bill 502 S in its title or body and does *not* mention sec. *4382* in its title.

Ch. 404, Bill 502 S, occupies less than a page; ch. 422, Bill 491 S, over seven pages of the session laws. This difference in length alone is very plain explanation why more time was needed to prepare the latter for the operation of printing and publishing; but whatever the cause for such four days' difference in the publishing of these measures, it was certainly not one of legislative or executive direction, and yet, the mere accident of such delay, and that alone, is being held satisfactorily sufficient to accomplish *sub silentio*

a result which it is clearly manifest was not the legislative or executive intent.

I think it is far more reasonable to assume that such a result is one that would not be, and was not, anticipated, looked for, or meant by either house of the legislature or by the governor when, in the exercise of ordinary care, they scrutinized the two bills, the one definite, certain, explicit, and limited and amendatory, and the other a blanket bill with over fifty different provisions, each and all intended to be *corrective* and not amendatory, than it is to assume, as is done by the majority opinion, that each of the legislative houses gave deliberate, simultaneous approval of contradictory bills, and the same as to the governor's approval.

If the legislature had not intended to amend sec. 4382 as proposed by Bill 502 S, how easy and natural it would have been to do so by the usual procedure rather than veiling their purpose in the densest obscurity; and if the governor had not intended to approve of such an amendment, how clear it is that he would have demonstrated that by the direct instead of this very indirect route which involved a speculation as to publication.

Each bill as passed contained the provision: "This act shall take effect upon passage and publication." Except for such proviso, by sec. 4975, Stats., they would both have gone into effect simultaneously on July 1st. Under the latter statute, or if by accident of publication they had been published simultaneously, as they had been passed, I take it a conflict so presented would, beyond question, have been solved by a holding that sec. 4382 was amended by ch. 404 rather than as now held.

Among the statutory provisions regulating the construction of statutes and repeal of existing laws, sub. (14), sec. 4972, provides:

"If the provisions of different chapters of these statutes conflict with or contravene each other the provisions of each

chapter shall prevail as to all matters and questions growing out of the subject matter of such chapter."

This provision seems directly applicable here. Ch. 404 is beyond question a declaratory, precise, and amendatory chapter. Ch. 422 does not mention in its title sec. 4382 and was beyond question a corrective and not an amendatory chapter.. They plainly conflict, and under the provision just quoted as well as under the general rules of construction I think that the court should hold that sec. 4382 was amended by ch. 404 and not by ch. 422. See *Roether v. Roether,* 180 Wis. 24, 191 N. W. 576; *Griswold v. Nichols,* 111 Wis. 344, 87 N. W. 300; *State ex rel. McManman v. Thomas,* 150 Wis. 190, 136 N. W. 623. Especially should this be so when the result reached makes a disjointed, inharmonious system with lurking possibilities for gross injustice. *State v. Wentler,* 76 Wis. 89, 44 N. W. 841, 45 N. W. 816.

For these reasons I believe that the form of statute under which the petitioner was prosecuted should have been held not to be in force and effect and that the writ should have been granted.