BEETHAM, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 19—February 12, 1924.*

*Criminal law: Prejudice of judge: Affidavit for change of venue: When properly filed.*

1. Under sec. 4680, Stats., no affidavit of prejudice against a presiding judge need be filed until after an information is filed or an indictment is found. p. 84.
2. The papers and evidence of the preliminary examination of an accused person were filed in the circuit court on November 15, 1921, but the information was dated and filed January 7, 1922. The regular term of the court began October 10, 1921, and continued until October 28th, when the court adjourned until "the further order of the court." The court convened again on November 28, 1921, and held daily sessions until December 27th, when it adjourned until January 9, 1922, on which date defendant's case was called. On that date he filed an affidavit of prejudice and moved for a change of venue. *Held,* that the affidavit of prejudice was filed in time, the statute in reference to "resumed sessions" of the court (sec. 2625, Stats. 1921) having no bearing on the case; and it was error to refuse to grant a change of venue. p. 84.

ERROR to review a judgment of the circuit court for Grant county: S. E. SMALLEY, Circuit Judge. *Reversed.*

Plaintiff in error, hereinafter called the defendant, was convicted of the crimes of rape and incest committed upon his fifteen-year-old daughter and was sentenced to terms of ten and five years respectively in the state prison at Waupun, the latter term to begin at the expiration of the

former.   He has begun serving his sentence.   To test the correctness of his conviction he sued out a writ of error.

For the plaintiff in error there was a brief by *Fabian Beckett* of Dubuque, Iowa, and *M. S. Block* of Platteville, and oral argument by *Mr. Beckett.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *George B. Clementson,* district attorney of Grant county, and oral argument by *Robert M. Rieser,* deputy attorney general.

VINJE, C. J.   It appears from the return that the papers and evidence of the preliminary examination were filed in the circuit court for Grant county on the 15th day of November, 1921, and that the information was dated and filed January 7, 1922.   The regular term of the circuit court for Grant county began October 10, 1921, and continued in daily sessions during secular days till October 28, 1921, when the court adjourned "until the further order of the court."   The court convened again the 28th day of November, 1921, and held daily sessions on secular days till December 27th. Upon the latter date the clerk only was present, and the court adjourned till January 9, 1922, when defendant's case was called.   On that date he filed an affidavit of prejudice against S. E. SMALLEY, the judge of the judicial circuit in which the case was pending, and moved for a change of venue.   This was denied by the court on the alleged ground that it came too late.   He says:

"I think the intent of the legislature was to provide in a case of this kind, where of course it was impossible for the defendant to have asked for a change of venue on the first day of the term, that by the 'resumed session thereof at which the case is triable' they meant the next resumed session of the court after the case arose and came into the circuit court."

This would probably mean November 28, 1921, when the

court resumed its session after the adjournment of October
28th, until the "further order of the court." This con-
struction would compel every defendant bound over to
ascertain at his peril when court convened again after such
an adjournment, and to be ready to present an affidavit of
prejudice though no information was filed informing him
of the charge against him. In the case at bar the district
attorney might have filed any one of the following informa-
tions: (1) for rape alone; (2) for incest alone; (3) for
both, as he did; (4) for fornication (*Application of Ben-
tine,* 181 Wis. 579, 196 N. W. 213), or he could have en-
tered a *nolle.* It is not the legislative idea of the law that
an accused person should be required to file an affidavit of
prejudice till an indictment is found or an information is
filed against him. Sec. 4680, Stats. 1921, provides:

"Any defendant in an indictment found or information
filed in any county may apply for a change of venue on
account of the prejudice of the judge of the court where
such indictment is found or information filed in the manner
provided by law for a change of venue in civil actions."

It is evident from the provisions of this section that no
affidavit of prejudice need be made till after an information
is filed or an indictment is found. Here the record shows
that the information was filed January 7th, when court
was not in session. Defendant was arraigned January 9th,
when court convened, and immediately made and presented
his affidavit of prejudice. This was a timely presentation
of it. The statute with reference to "resumed sessions"
of the court has no bearing on the case.

In *Thies v. State,* 178 Wis. 98, 189 N. W. 539, it was
held not prejudicial error, so far as the defendant was con-
cerned, to grant a change of venue before the information
was filed, though irregular. The time for filing an affidavit
of prejudice against the presiding judge of the circuit does
not begin to run at least until an information is filed or an
indictment is found. Whether it can begin to run till he

is arraigned or has notice of the filing of the information we need not and do not now decide because the affidavit in question was presented timely in any view of the case.

It was error for the trial judge not to grant the change of venue, and such error must result in a reversal of the judgment.

Other procedural errors urged are not likely to recur upon a new trial and we shall not discuss them.

*By the Court.*—Judgment reversed, and cause remanded for a new trial. The warden of the state prison will deliver the plaintiff in error to the sheriff of Grant county, who will retain him in his custody till discharged by due process of law.