Duff, Plaintiff in error, vs. The State, Defendant in error.

*December 13, 1924—January 13, 1925.*

*Criminal law: Venue: Cases arising under prohibition act: Failure of district attorney to file information: Rights of accused to a change of venue.*

1. Where accused, charged with unlawfully possessing liquor under the Severson Act (sec. 165.01, Stats.), of which offense a justice of the peace had no jurisdiction, waived preliminary examination and was bound' over for trial, he was entitled to a change of venue on filing a proper affidavit under sec. 4680, Stats., and the failure of the district attorney to file an information as required by sec. 4653 did not deprive accused of such right; the custom not to file an information in such cases being illegal and not authorized by the Severson Act.   p. 576.

2. Sec. 4679, Stats., relates to change of venue on account of the prejudice of the people of a county in felonies punishable by imprisonment in the state prison, and sec. 4680 relates to change of venue because of the prejudice ·of the judge, and if an information or indictment is filed the accused is entitled to a change of venue whether the offense is a felony or a misdemeanor; but the court may in. its discretion retain jurisdiction and provide for a trial by calling in the judge of another circuit.   p. 577.

Error to review a judgment of the circuit court for Forest county: W. B. Quinlan, Circuit Judge.   *Reversed.*

For the plaintiff in error there was a brief by *Vernon J. McHale,* attorney, and *George J. Bowler,* of counsel, both of Antigo, and oral argument by *Mr. McHale.*

For the defendant in error the cause was submitted on the brief of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *George H. Dawson,* district attorney of Forest county, and *John B. Chase,* special assistant district attorney.

Jones, J.   The right of the plaintiff in error, hereinafter called the defendant, to a change of venue is the only question involved in this case.   A complaint was made before

the circuit court commissioner for Forest county charging the defendant with unlawfully possessing privately distilled liquor and the destruction of evidence under the Severson Act. He waived a preliminary examination and was bound over to the circuit court for trial. The case was placed on the calendar for trial at the April, 1924, term and the arrest was made after the term had opened. On being bound over to the circuit court for trial the defendant filed an affidavit of prejudice of the judge under sec. 4680 of the Statutes. No previous conviction was alleged in the complaint. The defendant was convicted.

It is conceded by counsel for both parties that under the Severson Act this was a case which a justice of the peace had no jurisdiction to try and that the offense charged is a misdemeanor, not a felony. Counsel for the plaintiff in error, hereinafter called the defendant, rely on the following statutes. Sec. 4808 reads as follows:

"Any person who is arrested by virtue of a warrant charging him with a bailable offense, which the court or officer before whom such warrant is returnable has no jurisdiction to try, may waive an examination thereon and, except in cases of murder, enter into recognizance, with sufficient sureties to be approved by such officer, for his appearance at the next term of the circuit court of the county, and such defendant shall thereupon be discharged."

Sec. 4653 provides:

"The district attorney of the proper county shall inquire into and make full examination of all facts and circumstances connected with any case of preliminary examination as provided by law, touching the commission of any offense whereon the offender shall have been committed to jail, become recognized or held to bail, and file an information setting forth the crime committed, according to the facts ascertained on such examination and from the written testimony taken thereon, whether it be the offense charged in the complaint on which the examination was had or not; but if the district attorney shall determine in any such case that an

information ought not to be filed he shall make, subscribe and file with the clerk of the court a statement in writing containing his reasons in fact and in law for not filing an information. . . ."

The affidavit for change of venue was filed under sec. 4680, which provides:

"(1) Any defendant in an indictment found or information filed in any county may apply for a change of venue on account of the prejudice of the judge of the court where such indictment is found or information filed in the manner provided by law for a change of venue in civil actions; and it shall be the duty of the judge or court to whom such application is made to award such change. . . ."

The statute further provides that the court in its discretion may retain jurisdiction and provide for a trial by a judge of some other circuit in the manner provided by sec. 2625.

It is contended by counsel for the defendant that since the defendant was unquestionably entitled to have an information filed, he could not be deprived of his statutory right by the failure of the district attorney to perform his duty. It is argued by the attorney general that the defendant had no right to a change of venue unless such right is conferred by statute. It is further claimed that there was no right to a change of venue unless it is conferred by sec. 4680, already quoted, or by sec. 4679, which provides as follows:

"All criminal cases shall be tried in the county where the offense was committed, except where otherwise provided by law, unless it shall appear to the satisfaction of the court, by affidavit, that a fair and impartial trial cannot be had in such county; in which case the court before whom the cause is pending, if the offense charged in the indictment or information be punished by imprisonment in the state prison, may direct the person accused to be tried in some adjoining county where a fair and impartial trial can be had; but the

party accused shall be entitled to a change of venue but once, and no more."

This section was evidently intended to cover cases where a change of venue is demanded on account of the prejudice of the people of the county and relates to cases where the offense charged in the indictment or information is punishable by imprisonment in the state prison and is a felony.

It is further argued by the attorney general that the change of venue under sec. 4680 can only be ordered where an indictment or information has been filed; that none was filed in this case because it has been the usual custom throughout the state, in misdemeanor cases which are appealed from a justice or municipal court, to try the issue on the complaint originally made, and that it is only in felonies that district attorneys generally file informations after preliminary examinations. Counsel for the State argue that secs. 4679 and 4680 should be construed together and when so construed it must be concluded that it was the legislative intent that defendants in misdemeanor cases are not entitled to a change of venue. For this construction several decisions are relied on as authority. The first of these is *Baker v. State,* 56 Wis. 568, 14 N. W. 718. This was a bastardy case. It was held, and the same rule has frequently been declared, that "The right to change the place of trial of an action on account of the prejudice of the judge or justice, upon a statutory affidavit of such prejudice, is a purely statutory right, and can be invoked only in cases prescribed by statute." It was further held that proceedings for bastardy are neither civil nor criminal actions but are *quasi*-criminal, and that the circuit court could not change the place of the trial.

The case of *Boldt v. State,* 72 Wis. 7, 38 N. W. 177, is much relied on by counsel for the State. In that case the defendant was convicted before a justice of the peace on a verified complaint for selling intoxicating liquor without a

license and an appeal was taken to the circuit court. He applied for a change of venue under sec. 4680. In the opinion of Mr. Chief Justice COLE it was said:

"The right to a change of venue is purely statutory, . . . and it is clear that this case is not within the letter of the statute. But it is said to be within its spirit, and that the words 'indictment' and 'information' are used in the section as descriptive of all cases of criminal prosecution of every kind, and include an appeal in a criminal case from a justice of the peace as well as one on information filed in the circuit court. We do not feel justified in giving the language such a construction. The language is very plain, and it is evident from the whole chapter that the legislature were regulating criminal prosecutions in the circuit court by indictment or information. To say that the provision applied to an appeal from a justice in a criminal case would be amending the statute and pure legislation."

.The cases of *Faust v. State,* 45 Wis. 273, and *State v. Grunke,* 88 Wis. 159, 59 N. W. 452, are also cited, but they relate to the jurisdiction of courts rather than to any question here involved. Counsel for the State also rely on *Hanley v. State,* 125 Wis. 396, 104 N. W. 57. This was a prosecution for malfeasance in office. The affidavit for change of venue was made under sec. 4679 for prejudice of the people of the county. When an appeal was taken there was no statute requiring an information or indictment to be filed and these cases were generally tried on the original complaint. Under those conditions it is clear that sec. 4680 did not authorize a change of venue.

In the case before us a justice of the peace would have no jurisdiction and no appeal has been taken; the defendant has been held to bail after an examination before a circuit court commissioner, and by the express language of sec. 4653 it was the duty of the district attorney to file an information. According to sec. 4680 the defendant, on an information being filed, would have the right to a change of venue on filing the proper affidavit.

In the brief for the State there is an able and ingenious argument to the effect that the cases above cited show a legislative intent, expressed in ch. 356 of the Statutes, which includes secs. 4679 and 4680, for confining the changes of venue to felonies. It is argued that the change of venue was denied in the *Boldt Case* because the offense was a misdemeanor, and it is asked if the defendant in that case was not entitled to a change of venue why is this defendant entitled to it? The answer is that in the former case the change of venue was not denied because the offense was a misdemeanor, but because no information or indictment was filed or was necessary and hence sec. 4680 did not apply. Extending the argument that the two sections 4679 and 4680 must be read together, it is argued that by express language the right to a change of venue is limited to felonies in sec. 4679 and the same limitation must be read into sec. 4680. We cannot accept this theory. The sections both relate to change of venue but to entirely different conditions. In the first provision is made for change on account of prejudice of the people, and in case the information or indictment charges an offense punished by imprisonment in the state prison the case is sent to another county. In the second provision the application is on account of the prejudice of the judge. If an information or indictment is filed the defendant is entitled to the change of venue whether the offense is a felony or a misdemeanor, but the court may in its discretion retain jurisdiction and provide for a trial by calling in a judge from some other circuit.

Since the present case was not triable before a justice of the peace the defendant was entitled to a preliminary examination. He had the right to waive and did waive the examination. He had the further right to have an information filed unless the district attorney should determine that one ought not to be filed. We cannot agree that the failure of the district attorney to file an information, and insistence on trial on the original complaint, would deprive a defend-

ant of his statutory right to a change of venue. It is true that the proper time for making such an application is after the information has been filed (*Beetham v. State,* 183 Wis. 82, 197 N. W. 187), but the right to a fair trial is too sacred to be lost by any such neglect or failure of the prosecuting officer. In *Thies v. State,* 178 Wis. 98, 189 N. W. 539, the defendant made application under sec. 4679 for a change of venue on account of the prejudice of the people. The order changing the place of trial was made before the information was filed. The defendant's counsel raised the objection, among others, that the circuit court for St. Croix county had no jurisdiction of the person of the defendant. He was committed, and on appeal to this court it was held that failure to file the information before the order was entered did not affect the substantial rights of the defendant and that it was at most an irregularity which should be disregarded.

Counsel for the State argue that sec. 4653, which requires the district attorney to file an information in cases where offenders shall have been committed to jail, become recognized, or held to bail, has been modified by the following section of the Severson Act, headed "Pleading and Practice:"

"In any affidavit, complaint, information, or indictment for the violation of this chapter, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. . . ." Sub. (27) (a), sec. 165.01, Stats.

It is argued that the defendant was tried under the special statute known as the Prohibition Act and that the district attorney was relieved from proceeding under sec. 4653; that under the special statute offenders may be prosecuted upon affidavit, complaint, information, or indictment, and that failure to comply with the general statute does not vitiate the proceedings. This subsection seems to relate particularly

to the union of separate offenses in separate counts. It certainly does not expressly modify the general statute. It says nothing about change of venue. The preceding subsection, under the heading "Venue; sale and delivery," does prescribe where the action shall be brought in certain classes of cases. We do not consider that it was the legislative intent, by this very general language dealing with a particular subject, to modify by implication the general statute in so important a matter. Moreover, there are two subsections, (20) and (39), in which the penalties imposed are such that the violations would seem to be within the jurisdiction of the justice of the peace, and to these the words "affidavit" and "complaint" would apply. If it has been the custom of district attorneys to bring to trial offenders without filing informations or indictments as required by sec. 4653, the practice has been illegal and one which we cannot approve.

It is also suggested that to permit a change of venue in cases arising under the Prohibition Act would seriously interfere with its enforcement. If so it is to be regretted, but we see no escape from the conclusion we have reached. If in the opinion of the legislature such changes of venue should not be permitted there is an easy remedy.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.