MILLIN, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 17—October 12, 1926.*

*Intoxicating liquors: Search warrant issued on testimony based on information and belief: Accomplices: Uncorroborated testimony: Discretion of trial court.*

1. The fact that a witness, sworn on an application for a search warrant, testified to the essential facts on information and belief, does not invalidate the search warrant subsequently issued.    p. 189.
2. The conviction of the defendant, charged with the possession of a still, mash, and liquor, though based on the uncorroborated testimony of a seventeen-year-old accomplice, is sustained, there being no abuse of discretion by the trial court.    p. 190.
3. The fact that the officers had urged the boy operating the still to implicate the accused through promise of a lighter sentence did not show an abuse of discretion by the trial court in admitting the testimony of the accomplice, he having been sentenced before testifying.    p. 190.

Millin v. State, 191 Wis. 188.

ERROR to review a judgment of the circuit court for Grant county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

Plaintiff in error, *Dwight Millin,* was found guilty by a jury of having unlawful possession of a still, mash, and privately manufactured distilled liquor.

For the plaintiff in error there was a brief by *Walker & Christenson* of Lancaster, and oral argument by *R. D. Walker.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *R. M. Orchard,* district attorney of Grant county, and oral argument by *Mr. Orchard* and *Mr. Messerschmidt.*

STEVENS, J. Plaintiff in error presents two questions:

1. That the warrant under which the officers were making the search when the still, mash, and liquor were found gave the officers no right to make the search.

2. That the conviction ought not to stand because it was based on the uncorroborated testimony of an accomplice.

1. The search warrant was valid. It was not issued until a witness had been sworn and his testimony taken by the justice. The fact that the witness testified to the essential facts upon information and belief does not invalidate the search warrant. *State v. Baltes,* 183 Wis. 545, 550, 198 N. W. 282. The warrant was for a search of the premises of a Mr. Hesselman, on whose premises the still, mash, and liquor were found. In any event it does not lie within the mouth of *Millin,* the plaintiff in error, to claim that the search of the Hesselman premises was not lawful. *Hansen v. State,* 188 Wis. 266, 267, 205 N. W. 813; *Goldberg v. U. S.* 297 Fed. 98, 101; *MacDaniel v. U. S.* 294 Fed. 769, 771.

2. The testimony upon which the verdict of guilty was

based was that of a boy seventeen years of age who was operating the still when the officers found it and who testified that *Millin* owned the still, mash, and liquor and that he was operating the still for *Millin.* " 'When there is no evidence against the accused, except the uncorroborated testimony of an accomplice, it is discretionary with the trial court whether to direct an acquittal or not. . . . A judgment will not be reversed for refusing to set aside a verdict founded upon such testimony alone.' " *Murphy v. State,* 124 Wis. 635, 656, 102 N. W. 1087.

The trial judge, who had the advantage of seeing the witnesses, has exercised his discretion and refused to set aside the verdict of the jury.   This court is satisfied that the trial court did not abuse its discretion in so doing.   It seems much more probable that *Millin,* a man of mature years and a bartender, would be engaged in the manufacture of illicit liquor than that the boy of seventeen found operating the still should have undertaken this illegal business.   The fact that the officers had urged the boy to implicate *Millin* and told him that he would stand a better show of getting off if he did so, does not establish the fact that the trial court abused its discretion in refusing to discharge *Millin.*   At the time of trial the boy had received his sentence and could no longer have been moved to testify by the hope that his testimony would secure him a lighter sentence.

*By the Court.*—Judgment affirmed.