State, Plaintiff, vs. Becker, Defendant.

*November 5, 1929.*

*John W. Reynolds,* attorney general, for the State.

Per Curiam. This matter was certified here under the provisions of sec. 358.08, Stats., which provides:

"If upon the trial of any person who shall be convicted in said circuit court any question of law shall arise which, in the opinion of the judge, shall be so important or so doubtful as to require the decision of the supreme court, he shall, if the defendant desire it or consent thereto, report the case so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in that court shall be stayed."

A careful examination of the certificate reveals an entire absence of anything indicating that the defendant ever desired or consented to the certification of the proposed question to this court. The matter was not briefed either by the State or by the defendant. When the case was called for argument the attorney general moved that the proceeding in this court be dismissed for want of prosecution.

If the question is properly here it is considered that it should be answered, as the statute in question makes it the

duty of this court to answer a question so certified. Whether or not the consent of the defendant or his request for the certification should appear of record seems not to have been determined. However, it would seem to be jurisdictional. Without the consent or request of the defendant the certification may not be made.

In *State v. Wentler,* 76 Wis. 89, 44 N. W. 841, 45 N. W. 816, it was held that an attorney appointed by the trial court under the statute in force at that time to defend an accused person was authorized to represent the defendant in this court when the matter was certified here under the statute. This is apparently upon the theory that the circuit court retains jurisdiction and the proceedings are stayed at the request or upon the consent of the defendant for the sole purpose of having the question of law determined in this court. This court could not conclude the defendant by assuming a fact to exist which did not exist. Therefore it is considered that a certificate made under this statute should show in some way that the defendant had consented to or requested the certification.

From the certificate it appears that the defendant is objecting to the introduction of evidence secured on a search of licensed premises, the search, however, extending into the living quarters of Skibba, the father-in-law of the defendant. A door led from the saloon, restaurant, or soft-drink parlor into the living room of Skibba. A warrant was issued for the search of these premises but the warrant was void. The question is whether or not privately distilled intoxicating liquor found during the search of Skibba's premises can be received in evidence against the defendant. The record is incomplete and for that reason the question cannot be answered. The attention of the trial court is directed to *Millin v. State,* 191 Wis. 188, 210 N. W. 411.

The clerk of this court is directed to remit the report of the case with this memorandum to the trial court.